United States Court of Appeals
Fifth Circuit

**F I L E D**

March 16, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 02-21010

———————

JULIUS JAMES LARRY, III

                            Petitioner - Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

                            Respondent - Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, EMILIO M. GARZA, and BENAVIDES Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

    Julius James Larry, III filed a federal petition for habeas corpus challenging his Texas state

court conviction for theft. The district court dismissed the petition as time-barred under the Anti-

terrorism and Effective Death Penalty Act ("AEDPA"). Larry appeals arguing that because his state

application was "properly filed" the statute of limitations was tolled and his federal habeas application

was timely filed. Larry's state application was not "properly filed" therefore we AFFIRM the district

court's ruling dismissing his petition.

I

Larry was convicted in Texas state court for theft. His conviction was affirmed and his petition for discretionary review denied. Larry then petitioned the United States Supreme Court for a writ of certiorari which was eventually denied. Several months prior to the Supreme Court's denial of his petition for certiorari, Larry filed a state habeas application in the proper state trial court.[1] Over a year after he filed his state habeas application the trial court issued findings of fact and denied Larry's habeas petition on the merits. The file was immediately sent to the Texas Court of Criminal Appeals ("TCCA"). The TCCA promptly dismissed Larry's habeas application simply stating "direct appeal pending." Larry filed a second state habeas application which the TCCA denied "without written order."

Larry then filed a federal petition for habeas corpus. The district court granted the respondent's motion to dismiss finding that Larry filed his application more than one year after his judgment became final. The district court further found that neither one of Larry's state habeas applications tolled the statute of limitations. It determined that his first application was not "properly filed" because under Texas procedural law the TCCA did not have jurisdiction to consider his application until his judgment was final; and, it determined that his second application, although "properly filed," was filed after the federal statute of limitations had already run. The district court denied Larry's request for equitable tolling and refused to grant a certificate of appealability ("COA").

We granted a COA on the issues of whether the district court erred in concluding that Larry's first application was "properly filed" and whether a state habeas application filed during the pendency

---

[1] Larry filed his state habeas application on November 8, 1999 and the Supreme Court denied certiorari on January 18, 2000.

of a writ of *certiorari* must always be dismissed under Texas law.  Larry now brings this appeal.

II

We review the district court's denial of a habeas application on procedural grounds *de novo*. *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001).  AEDPA governs this case because Larry filed his federal habeas application after AEDPA's effective date.  *See id.*  AEDPA requires that a federal habeas application be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(a).  However, it further provides that "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

The Supreme Court held in *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361 (2000),  that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8 (emphasis omitted).  It counseled that these rules govern "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*   The Court emphasized that "the question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." *Id.* at 9 (emphasis omitted).   Therefore, to determine whether an application is properly filed, we look to procedural rules governing the court's jurisdiction to consider the *application*, not rules governing whether it can consider any particular claim. *Id.* at 9-10. We do not look to rules setting forth a "condition to obtaining relief." *Id.* at 11.  Thus, a habeas petition filed in a court lacking jurisdiction to consider

3

the application is not "properly filed," *see id.* at 9 (If "an application is erroneously accepted by the clerk of a court lacking jurisdiction . . . it will be *pending*, but not *properly filed*."), but a habeas petition filed in a court that must deny relief on the claims in the application is "properly filed," *see id.* at 11 (finding that a procedural bar requiring a court to deny successive claims did not "set forth a condition to filing").

In cases since *Artuz*, we have held that if the applicable procedural rule is an "absolute bar to filing" such that it provides "no exceptions" and the court need not examine "issues related to substance" to apply the procedural rule then the application is not "properly filed." *See Emerson*, 243 F.3d at 933-34 (finding "the rule at issue here seemingly provides no exceptions and does not require an examination of the merits of the [petitioner's] claim"); *Williams v. Cain*, 217 F.3d 303, 309 (5th Cir. 2000) (finding "there is no express provision in [Louisiana law] that would permit a petitioner to avoid the thirty-day deadline").[2]  Therefore, an application is *not* "properly filed" if the state court blindly applies the procedural bar in all cases without ever having to consider any potential exception to its prohibition or examine any issues related to the substance of the application. *See Emerson*, 243 F.3d at 934.  That is the case here.

Article 11.07 of the Texas Rules of Criminal Procedure "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death."  TEX. CRIM. PROC. CODE art 11.07 § 1 (Vernon 1965).  It

---

[2] In two pre-*Artuz* cases we found that because the state court had to look to the substance of the habeas applications to determine whether they fell within exceptions to the procedural rule, the applications were properly filed.  *See Smith v. Ward*, 209 F.3d 383, (5th Cir. 2000) (finding because "Louisiana courts will accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to filing are applicable . . . [the application] was 'properly filed'" despite being time barred); *Villegas v. Johnson*, 184 F.3d 467, 471-2 & n. 4 (5th Cir. 1999) (finding that Texas procedural rule forbidding courts from considering successive habeas applications allowed for exceptions and was not an a absolute bar to filing).

provides first that "*[a]fter final conviction* in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas . . . ." TEX. CRIM. PROC. CODE art 11.07 § 3(a) (emphasis added). Then it provides that "[a]n application for writ of habeas corpus filed *after final conviction in a felony case* . . . must be filed with the clerk of the court in which the conviction being challenged was obtained . . . ." TEX. CRIM. PROC. CODE art. 11.07 § 3(b) (emphasis added). Once the trial court issues findings of fact, and if it so chooses rules on the merits, the application is transferred to the TCCA. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(d).

The TCCA "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final." *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000). "A direct appeal is final when the mandate from the court of appeals issues." *Id.* The mandate was issued in Larry's direct appeal three days after the Supreme Court denied his petition for *certiorari* and several months after he filed his state habeas application in the convicting court. Larry's direct appeal was not final at the time he filed his state habeas application, thus the state court did not have jurisdiction to consider his application. *See id.* In determining that it did not have jurisdiction to consider Larry's habeas application, the TCCA did not have to consider any exceptions to this absolute bar to filing, nor did it have to consider the substance of Larry's application.[3] Consequently, Larry's state habeas application was not "properly filed."

Larry challenges the conclusion that his state habeas application was not "properly filed." He first contends that he "properly filed" his state habeas application under Art. 11.07. Larry asserts that

---

[3] The TCCA dismissed Larry's state habeas application. "Dismissal must occur when a court lacks jurisdiction over the case." *In re Golden*, 991 S.W.2d 859, 861 (Tex. Crim. App. 1999) (en banc). "Dismissal means the merits of the document were not considered." *Id.*

5

Art. 11.07 o nly requires that the judgment be final by the time the TCCA receives the habeas application, not when the application is filed in the trial court. He then argues that since the trial court did not forward his application to the TCCA until after his judgment became final the TCCA had jurisdiction to consider his application and it was "properly filed." This is a misreading of Art. 11.07 which requires that the habeas application be filed in the trial court after the conviction becomes final. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(a). This jurisdictional limitation forbids the filing of a state habeas application before the applicant's judgment is final. *See Johnson*, 12 S.W.3d at 473 ("Applicant's claim is not ripe, because the application for writ of habeas corpus was *filed* during the pendency of the direct appeal.") (emphasis added). Larry was barred from filing his habeas application, and the TCCA was barred fro m considering it, as of the time he filed it. Consequently, his state habeas application was not "properly filed" under Art. 11.07.

Larry next contends that because the state trial court issued findings of fact and denied his habeas petition on the merits his application was "accorded some level of judicial review" making it "properly filed" under the precedent of this Court. *See Villegas v. Johnson*, 184 F.3d 467, 470 n.2 (5th Cir. 1999). Although Larry is correct that the state trial court did accord his habeas application "some level of judicial review" it mistakenly did so not realizing it lacked jurisdiction to consider his application. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(b); *Johnson*, 12 S.W.3d at 473. The TCCA, however, ultimately dismissed this application, indicating its lack of jurisdiction. *See* note 2 *supra*. As the Supreme Court emphasized in *Artuz*, an application "erroneously accepted by the clerk of a court lacking jurisdiction . . . will be *pending*, but not *properly filed.*" *Artuz*, 531 U.S. at 9.

Further in *Villegas* we held that a habeas application was "properly filed" if it conformed with those "prerequisites that must be satisfied before a state court will allow a petition to be filed and

accorded some level of judicial review." *Villegas*, 184 F.3d at 470 n.2. We did not, however, hold that a state habeas application that did not conform to those prerequisites, but was mistakenly accorded judicial review, was "properly filed." Thus, if a state court mistakenly accepts and considers the merits of a state habeas application in violation of its own procedural filing requirements, including those governing jurisdiction, that habeas application is not "properly filed."

Larry lastly contends that because the TCCA can assert its "original jurisdiction" to grant or deny habeas relief, even when a conviction is not final, the state court was not "absolutely barred" from considering his habeas petition, making his application "properly filed." Ostensibly Larry argues that there are two procedural paths for requesting habeas relief from the TCCA: 1) through the procedures outlined in Art. 11.07; and 2) through a petition directly to the TCCA under its "original jurisdiction" to consider requests for writs of habeas corpus. Thus, Larry claims that even if his application was not "properly filed" under the first procedural path, it was "properly filed" under the latter.

Larry is correct that the TCCA has original jurisdiction over state habeas applications in Texas. *See Ex parte Davis*, 947 S.W.2d 216, 219 (Tex. Crim. App. 1997) (en banc) (recognizing the TCCA's "constitutional powers over the writ of habeas corpus"). The Texas state legislature, however, has the authority to regulate both the scope of that jurisdiction and the process of invoking it. *See Ex parte Golden*, 991 S.W.2d 859, 861 (Tex. Crim. App. 1999) (en banc) ("The Legislature may define, expand, or limit this Court's original writ jurisdiction."); *see also* TEX CONST. art. I, § 12 ("The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual."). The TCCA has recognized that Art. 11.07 defines its jurisdiction to consider habeas petitions in non-death penalty cases. *See id.* ("Our subject

7

matter jurisdiction is defined in Article 11.07."); *see also Ex parte Carrio*, 992 S.W.2d 486, 490 (Tex. Crim. App. 1999) (Meyers, J. dissenting) ("Articles 11.071 and 11.07 reflects a continued and constitutionally grounded legislative assumption of responsibility for deciding how original habeas corpus petitions are filed.").

In considering a state constitutional challenge to the procedural requirements of Art. 11.071, a companion provision to Art 11.07, which outlines the "directions and requirements for filing [habeas] applications" in death penalty cases, the TCCA determined that although it has the "constitutional[] power over the writ of habeas corpus," Art. 11.071 "provides the methodology for rendering and effecting the implementation of that power." *Davis*, 947 S.W.2d at 219. In a concurring opinion that is now considered to be the opinion of the court,[4] Judge McCormick interpreted the TCCA's ruling in Davis to hold that "Article 11.071 contains the *exclusive* procedures for the exercise of this Court's original habeas corpus jurisdiction . . . to an applicant seeking relief from a judgment imposing a penalty of death." *Id.* at 222 (McCormick J., concurring). Although the TCCA has never explicitly stated that Art. 11.07 provides the exclusive procedure for the TCCA's exercise of its original habeas corpus jurisdiction in non-death penalty cases, "nothing in article 11.07 suggests that it differs from 11.071 in this respect." *See Carrio*, 992 S.W.2d at 490 (Meyers, J., dissenting).

Art. 11.07 provides the exclusive procedures and requirements for seeking habeas relief in non-death penalty cases, and the TCCA could not have exercised jurisdiction over Larry's state habeas application outside the procedures outlined in Art. 11.07. Larry's state habeas application was

---

[4] "Although Presiding Judge McCormick's opinion is labled a concurring opinion, it was joined by a majority of the Court and may be regarded as an opinion of the Court." *Ex parte Smith*, 977 S.W.2d 610, 611 n.4 (Tex. Crim. App. 1998) (en banc).

thus not properly filed.

III

Larry argues that he is entitled to equitable tolling and that his second state habeas application tolled the statute of limitations. The order from this Court addressing Larry's request for a COA did not address either of these two claims. We may not consider a habeas claim unless a COA has been issued on that claim. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . ."); *Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir. 1998) ("Compliance with the COA requirement . . . is jurisdictional, and the lack of a ruling on a COA . . . causes this court to be without jurisdiction to consider the appeal."); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) ("A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").

We have determined that Larry was inadvertently not granted a COA as to the issue of equitable tolling. We therefore consider the merits of his equitable tolling claim.[5] In considering Larry's equitable tolling claim we do not assert jurisdiction to consider a habeas claim without a COA. Rather we simply recognize that a judge of this Court has already determined that a COA should be issued on this claim and due to a clerical error the order did not reference the grant of a COA.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statue of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id*. at 811, and will not be

---

[5] Both parties have briefed this issue on the merits.

9

granted if the applicant failed to diligently pursue his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). We review the district court's refusal to grant equitable tolling for abuse of discretion. *Id.* at 713.

Larry contends that he was misled by the state trial court into believing that his first state habeas application was properly filed and that by holding his application beyond the statutorily prescribed period for addressing such applications it prevented him from timely filing his federal habeas application. Ostensibly Larry contends that because he could not file a federal habeas application until his state claims were exhausted, by holding his state habeas application for over a year, despite its lack of jurisdiction, the state habeas court prevented him from filing a federal application.

Larry is correct that the state trial court held this first state habeas application well beyond the period outlined by state law. *See* TEX. CRIM. PROC. CODE art 11.07 §§ 3(b-c) (providing the State 15 days to file an answer and the trial court 20 days after that to make factual findings). Larry is also correct that the state habeas court held his application beyond the federal statute of limitations period. However, the state habeas court did not mislead Larry in any way or prevent him from asserting his rights.

Larry's own action of filing his state habeas application before his judgment was final, rather than any action taken by the state court, prevented him from asserting his rights. If Larry had

10

"properly filed" his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts. It is important to note that the jurisdictional requirement that Larry violated is not a complicated one and involves no judicial scrutiny. *See* discussion *supra* Part II. Further, by filing his state application in the proper state court Larry demonstrated not only his familiarity with the existence of Texas procedural law governing the filings of habeas applications but the very procedural rule that he violated. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(b) ("[a]n application for writ of habeas corpus filed after final conviction in a felony case . . . must be filed with the clerk of the court in which the conviction being challenged was obtained . . . .").

In letters Larry wrote to the state court requesting it rule on his application Larry also demonstrated that he was well aware of both AEDPA's statute of limitations and the date on which his judgment became final.[6] In fact, in his application to the TCCA requesting a writ of mandamus commanding the state trial court to rule on his habeas petition, Larry wrote: "Applicant's conviction became final on January 18, 2000. The one-year limitations period of the AEDPA runs out on January 18, 2001." *Ex Parte Larry*, Application No. 48,30-01, p 3. As Larry filed his state habeas application on November 8, 1999, he knew his judgment was not final at the time he filed his state habeas application.

Additionally, at any point Larry could have withdrawn his improperly filed application and properly filed a new one.[7] We are particularly unsympathetic in Larry's case because, although he

---

[6] AEDPA's statute of limitations begins to run on the date the state court conviction becomes final. *See* 28 U.S.C. § 2244(d)(1). This is the earliest date on which Larry could have been authorized to file a state habeas application. *See* TEX. CRIM. PROC. CODE art 11.07 § 3(b); *Johnson*, 12 S.W.3d at 473.

[7] Larry could have filed a motion to withdraw his habeas application. S*ee Ex Parte Shelton*, 2003 WL 156225, at *1 (Tex. App. – Texarkana March 25, 2003) (unpublished) (granting petitioner's motion to withdraw

11

is pursuing his requests for habeas relief *pro se*, he is a formerly licensed attorney. Finally, to grant equitable tolling in these kinds of situations would invite the premature filing of state habeas petitions as these applications would be afforded federal scrutiny despite the failure of the applicant to exhaust his claims in state court. This would allow applicants to circumvent the exhaustion requirement and would undermine the system of comity established by federal law. Therefore, the district court did not abuse its discretion when it did not grant equitable tolling.

IV

Larry's state habeas application was not "properly filed" and the statute of limitations was not tolled. The district court correctly determined that Larry's federal habeas application was untimely and it did not abuse its discretion when it did not equitably toll the statute of limitations. The district court's ruling is AFFIRMED.

---

habeas application and dismissing petition). He then could have filed a subsequent application because there would not have been a "final disposition" of his first application. *See* TEX. CRIM. PROC. CODE art 11.07 §4(a); *Ex parte Thomas*, 953 S.W2d 286, 288 (Tex. Crim. App. 1997) (en banc) (finding that a dismissal is not a "final disposition").