United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60259
Summary Calendar

_____

CLINTON L. CRESSIONNIE,

                                        Petitioner-Appellant,

versus

LAWRENCE KELLY,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:03-CV-422-RGU
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Clinton L. Cressionnie, Mississippi prisoner # 22155, appeals the district court's dismissal of his 28 U.S.C. § 2254 application challenging his convictions for escape, grand larceny, and petit larceny as time-barred. This court has granted Cressionnie a certificate of appealability on the limited issue of whether his state habeas corpus application filed in the state circuit court on November 19, 2001, tolled the statute of limitations and made his 28 U.S.C. § 2254 application timely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See Cressionnie v. Cabana, No. 04-60259 (5th Cir. Oct. 26, 2004) (unpublished).

Cressionnie argues that his state habeas application was properly filed under 28 U.S.C. § 2244(d)(2) and tolled the statute of limitations during its pendency. If the application was not properly filed, he contends that the statute of limitations was equitably tolled because he was actively misled into believing that the application was properly filed. The respondent asserts that Cressionnie's state habeas application challenged his extradition from Florida to Mississippi to face the charges for which he was convicted, that Cressionnie did not have standing to bring that challenge, and that the state circuit court, therefore, did not have jurisdiction to consider it, making the application not properly filed under 28 U.S.C. § 2244(d)(2).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established "an explicit limitation period for state prisoners filing federal habeas petitions." Fisher v. Johnson, 174 F.3d 710, 711 (5th Cir. 1999). Under 28 U.S.C. § 2244(d)(1), a prisoner has one year from the latest of various events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). The period during which a "properly filed application for state post-conviction or other collateral

review" regarding the same conviction is pending is not counted toward the one-year period. 28 U.S.C. § 2244(d)(2); <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998). This court reviews a district court's determination that a 28 U.S.C. § 2254 application was untimely de novo. <u>See</u> <u>Melancon v. Kaylo</u>, 259 F.3d 401, 404 (5th Cir. 2001).

The respondent's argument misconstrues the relevant precedent. Whether the state circuit court had jurisdiction to consider the claim raised by Cressionnie in his state habeas application is irrelevant to the issue of whether the application was properly filed; the relevant question was whether the state circuit court had jurisdiction to consider the application itself, regardless of whether it lacked jurisdiction to consider the claims contained therein. <u>See</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-11 (2000); <u>Larry v. Dretke</u>, 361 F.3d 890, 893 (5th Cir. 2004). The state circuit court had jurisdiction to consider Cressionnie's state habeas application. <u>See</u> MISS. CODE ANN. § 11-43-7; <u>Bubac v. Boston</u>, 600 So. 2d 951, 953 (Miss. 1992). Accordingly, Cressionnie's state habeas application was properly filed and tolled the statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), making his 28 U.S.C. § 2254 application timely. <u>See</u> <u>Artuz</u>, 531 U.S. at 8-11; <u>Larry</u>, 361 F.3d at 893.

Therefore, the judgment of the district court is VACATED and the case is REMANDED to the district court for further proceedings.

VACATED AND REMANDED.