United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-10873
Summary Calendar

———————————

DAVID MILTON GUNDRUM,

                                        Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-69
USDC No. 4:05-CV-81
USDC No. 4:05-CV-114
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

      David Milton Gundrum, Texas prisoner # 1088250, appeals the

district court's dismissal of his three 28 U.S.C. § 2254

petitions as untimely.  Gundrum filed the petitions to attack his

three convictions for aggravated robbery with a deadly weapon.

The district court granted a certificate of appealability on the

issue whether Gundrum is entitled to equitable tolling for the

time that his initial state habeas applications were pending,

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

given that the state court dismissed them for failure to comply with Texas Rule of Appellate Procedure 73.2 due to the omission of one page of the Texas form for application for a writ of habeas corpus.

Gundrum's convictions became final on July 15, 2003, when the time for seeking discretionary review by the Texas Court of Criminal Appeals (TCCA) expired. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Gundrum had one year from that date to file his § 2254 petition. See 28 U.S.C. § 2244(d). On April 20, 2004, Gundrum filed three state habeas petitions challenging his convictions. On August 24, 2004, the TCCA dismissed all three applications. Gundrum filed federal habeas applications on January 24, 2005.

Equitable tolling of the one-year limitations period is appropriate only in "rare and exceptional circumstances." Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000). A district court's refusal to invoke the doctrine of equitable tolling is reviewed only for abuse of discretion. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Gundrum's situation resembles that in Larry v. Dretke, 361 F.3d 890 (5th Cir. 2004). In that case, Larry filed a state habeas application before the United States Supreme Court denied his writ for certiorari in his direct appeal of his conviction, i.e. before his conviction became final. 361 F.3d at 892. Although Larry's application remained in the Texas trial court

for over a year and the trial court addressed the merits of Larry's habeas petition, the TCCA dismissed it for lack of jurisdiction on the basis of the pending direct appeal. Id. Larry filed a second habeas application which was denied without written order. Id. He then filed a federal habeas petition which the district court dismissed as time-barred. Id. This court affirmed, determining that the district court did not abuse its discretion in declining to equitably toll the period of limitations. Id. at 895-96, 898. The court stated, "Larry's own action . . . prevented him from asserting his rights. If Larry had 'properly filed' his state habeas application in accordance with Texas law the federal statute of limitations would have tolled for the entire period his application was pending before the state habeas courts." Id. at 897.

Like Larry, Gundrum's own actions have prevented the assertion of his rights. Gundrum waited for a year after the TCCA denied his PDR before filing his state habeas action, leaving only 90 days before the end of the limitations period. Gundrum provides no explanation for this delay. See Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.")(internal quotation marks, parentheses, footnote, and citation omitted). Like Larry, Gundrum has failed to show rare and exceptional circumstances warranting equitable tolling. Larry, 361 F.3d at 897; see also Felder, 204 F.3d at 170-71.

Accordingly, the district court did not abuse its discretion in dismissing Gundrum's instant application as barred by limitations and the district court's judgment is AFFIRMED.