**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 13, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-50820
Summary Calendar

———————————

RICHARD WILLIAM BROWN,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:03-CV-530-DB
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Richard Brown, a Texas prisoner, was convicted of indecency
with a child and sentenced to serve ten years in prison. Brown
filed a 28 U.S.C. § 2254 habeas corpus petition, which the district
court dismissed as untimely. This court granted a certificate of
appealability ("COA") on the issue whether the delay in notifica-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

tion of the denial of Brown's state habeas application merits equitable tolling.

Brown contends that he is actually innocent. We decline to consider this claim, because he has not received a COA on it. See 28 U.S.C. § 2253(c)(1). Brown also argues that he is entitled to equitable tolling based on the delay in notification of the denial of his state habeas application and because he diligently pursued relief.

Brown has not shown that he diligently pursued postconviction relief, see Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir. 2000); Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999), or that he was prevented from timely filing his § 2254 petition on account of exceptional circumstances that were out of his control or because he was affirmatively misled, see Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Consequently, he has not shown that the district court abused its discretion in determining that he was not entitled to equitable tolling. See Larry v. Dretke, 361 F.3d 890, 897 (5th Cir. 2004). The judgment is AFFIRMED.