# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2007

No. 06-10130
Summary Calendar

Charles R. Fulbruge III
Clerk

GLENN WAYNE KELLY

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1015

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Glenn Wayne Kelly, Texas prisoner # 1115953, appeals from the dismissal of his 28 U.S.C. § 2254 petition as time-barred. This court previously granted Kelly a certificate of appealability on the issue of whether the district court properly dismissed his claims concerning the adjudication of his guilt and sentencing following a violation of his probation. We now affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kelly pleaded guilty to aggravated assault in 2000 and was placed on 10 years of deferred adjudication probation. Kelly violated his probation, and in July 2002 the trial court adjudicated his guilt and sentenced him to 12 years in prison. On July 8, 2003, the Texas Fifth District Court of Appeals dismissed Kelly's direct appeal. Because Kelly did not seek a rehearing or file a petition for discretionary review in the Texas Court of Criminal Appeals, his adjudication of guilt became final 30 days later on August 7, 2003. See Caldwell v. Dretke, 429 F.3d 521, 530 & n.22 (5th Cir. 2005).

Kelly filed a state habeas application on September 18, 2003. At that time, the Texas Fifth District Court of Appeals had not yet issued its mandate in the direct appeal, which it eventually issued on October 2, 2003. On October 29, 2003, the Texas Court of Criminal Appeals dismissed the habeas application in an order stating "direct appeal pending."

Kelly filed a subsequent state habeas application on April 16, 2004, which the Texas Court of Criminal Appeals denied on January 12, 2005. Kelly did not file the instant § 2254 petition until May 6, 2005. For purposes of this appeal, the only question is whether Kelly's September 2003 state habeas application was properly filed so as to toll the federal limitations period under 28 U.S.C. § 2244(d)(2). If the September habeas application was not properly filed, the district court correctly dismissed the federal petition as time-barred.[1]

We review the district court's dismissal of a habeas petition on procedural grounds de novo. Larry v. Dretke, 361 F.3d 890, 893 (5th Cir. 2004).

A state prisoner seeking federal habeas relief generally has one year from the date that his conviction becomes final either by the conclusion of direct review or the expiration of the time for seeking such review to file his § 2254 petition. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled, however, for

---

[1] From August 7, 2003, until April 16, 2004, was 253 days and from January 12, 2005, until May 6, 2005, was 114 days. The total was 367 days, two days too long.

the time during which a "properly filed" state habeas application challenging the same conviction is pending. § 2244(d)(2).

"[T]o determine whether an application is properly filed, we look to procedural rules governing the court's jurisdiction to consider the application, not rules governing whether it can consider any particular claim." Larry, 361 F.3d at 893. A state habeas petition filed in a court that lacks jurisdiction is not properly filed. Id. In Texas, the Court of Criminal Appeals lacks jurisdiction to consider a habeas application until the judgment from which relief is sought becomes final. Id. at 894 (citing Ex parte Johnson, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)). The judgment becomes final only when the state court issues its mandate. Johnson, 12 S.W.3d at 473.

In the instant case, because Kelly filed his September 2003 habeas application before the Fifth District Court of Appeals issued its mandate, the Texas Court of Criminal Appeals lacked jurisdiction to consider the application, and it was not properly filed. See Larry, 361 F.3d at 894. Although the state appellate court issued its mandate before the Court of Criminal Appeals' dismissal, this timing is of no moment because state law requires that the judgment be final before the prisoner files the state habeas application. See id. at 894–95 (citing TEX. CRIM. PROC. CODE art. 11.07 § 3(a)).

Kelly argues that the Fifth District Court of Appeals erred by issuing its mandate later than the time prescribed by TEX. R. APP. P. 18.1 and 68.2. He essentially contends that because the state appellate court should have already issued its mandate under state appellate rules when he filed his state habeas application, the application was properly filed. Regardless of what the state appellate court should have done on direct appeal, it is clear that until the Fifth District Court of Appeals issued its mandate the Texas Court of Criminal Appeals lacked jurisdiction to consider Kelly's habeas application. See Larry,

361 F.3d at 894–95. This was an absolute bar to filing. Id. at 894. Consequently, Kelly's application was not "properly filed."[2]

The state appellate court's late issuance of its mandate conceivably could support an argument for equitable tolling, but we need not decide whether the issuance of the mandate in this case presented a "rare and exceptional circumstance[]" warranting tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). To the extent Kelly's brief may be liberally construed even to raise an equitable tolling argument, he is not entitled to such relief because the record shows that Kelly did not diligently pursue habeas relief. After the Court of Criminal Appeals dismissed Kelly's habeas application in October 2003, Kelly waited almost six months before filing a proper state habeas application in April 2004. After the state court denied his properly filed application, Kelly waited an additional four months before seeking federal habeas relief. Kelly did not act with the diligence and alacrity necessary for equitable tolling. See Melancon v. Kaylo, 259 F.3d 401, 408 (5th Cir. 2001) (holding that state prisoner who waited more than four months after denial of his state writ to file his federal habeas petition was not entitled to equitable tolling); see also Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) ("'Equity is not intended for those who sleep on their rights.'" (citation omitted)).

With the benefit of liberal construction, Kelly also argues for the first time in his reply brief that the state appellate court's late mandate constituted a state-created impediment to filing his federal petition, which should have tolled the limitations period under § 2244(d)(1)(B). This court does not consider issues raised for the first time in a reply brief. Wallace v. County of Comal, 400 F.3d 284, 292 (5th Cir. 2005).

---

[2] Kelly also suggests that his conviction did not become final for purposes of § 2244(d)(1)(A) until the state appellate court issued its mandate. This contention is foreclosed by circuit precedent. Roberts v. Cockrell, 319 F.3d 690, 694–95 (5th Cir. 2003).

AFFIRMED.