IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2008

Charles R. Fulbruge III
Clerk

No. 06-41780
Summary Calendar

ISMAEL RODRIGUEZ, also known as Officer Smiley

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CV-5

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ismael Rodriguez, Texas prisoner # 1187177, is serving a 70-year prison sentence for murder. He appeals the district court's denial of relief under 28 U.S.C. § 2254. This court granted a certificate of appealability (COA) after Rodriguez raised issues as to the retroactivity of Crawford v. Washington, 541 U.S. 36 (2004), and whether his Crawford claim is procedurally barred. The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

State has since conceded that Crawford's retroactivity is not at issue because Rodriguez's conviction was not final when Crawford was decided.

Rodriguez contends that the admission of his accomplices' guilty plea documents violated his Confrontation Clause rights as recognized by Crawford because those pleas were admissions not only against the accomplices' penal interest but against his own. This Crawford claim was rejected by the state appellate court as procedurally barred because Rodriguez did not make a Confrontation Clause or hearsay objection at trial. Our review of this claim is therefore barred by an independent and adequate state rule of procedural default. See Parr v. Quarterman, 472 F.3d 245, 253 (5th Cir. 2006), cert. denied, 127 S. Ct. 2974 (2007).

Rodriguez's argument that, prior to Crawford, he could not have raised a non-futile objection to his accomplices' evidence is meritless. Such objections were recognized long before Crawford. See Lilly v. Virginia, 527 U.S. 116, 134 (1999); Williamson v. United States, 512 U.S. 594, 599 (1994); Lee v. Illinois, 476 U.S. 530, 541, 543 (1986); see also Bunton v. State, 136 S.W.3d 355, 369 (Tex. Ct. App. 2004); Cofield v. State, 891 S.W.2d 952, 955 (Tex. Crim. App. 1994).

Rodriguez also contends that the State's closing rebuttal argument improperly linked the accomplices' pleas to Rodriguez's guilt. Rodriguez did not raise the issue of an improper closing argument in his COA application or anywhere else prior to the instant appeal. Because our review is limited to claims on which a COA was granted, we do not consider this claim. See Larry v. Dretke, 361 F.3d 890, 896 (5th Cir. 2004).

Rodriguez has shown no basis for relief under § 2254. The judgment of the district court is AFFIRMED.