# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2008

Charles R. Fulbruge III
Clerk

06-11066
Summary Calendar

TARRANCE DARON WHITLOCK

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-1232

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pursuant to a certificate of appealability granted by this court in August 2007, Tarrance Daron Whitlock, Texas prisoner # 930799, appeals, pro se, the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time barred. In his petition, Whitlock challenges his bench-trial conviction, and resulting sentence, for aggravated assault of a public servant. In that bench trial, pursuant to a separate indictment, Whitlock was also convicted and sentenced

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on a separate charge of aggravated robbery. Following the joint bench trial, Whitlock pursued a separate appeal for each of the two convictions.

Whitlock challenged the separate aggravated-robbery conviction in a prior § 2254 petition. We reject the State's assertion that the instant petition, concerning the separate aggravated-assault conviction, is an unauthorized, successive § 2254 petition. See Hardemon v. Quarterman, 516 F.3d 272, 275-76 (5th Cir. 2008) (holding a habeas petition is not successive when it attacks separate judgments from the same court).

The initial filing of Whitlock's state postconviction application challenging that aggravated-assault conviction did not constitute a "properly filed" application for purposes of 28 U.S.C. § 2244(d)(2) (staying AEDPA's period of limitation for "properly filed" state post-conviction applications) because the Texas Court of Criminal Appeals determined the application failed to comply with Rule 73.2 of the Texas Rules of Appellate Procedure (requiring post-conviction applications to be on the form prescribed by the Texas Court of Criminal Appeals). See Artuz v. Bennett, 531 U.S. 4, 8 (2000); Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004). Whitlock has not shown the State created an unconstitutional or unlawful impediment to his filing his instant federal petition concerning his aggravated-assault conviction. See 28 U.S.C. § 2244(d)(1)(B). Moreover, Whitlock has failed to show circumstances warranting equitable tolling from the time he initially filed his state postconviction application to the time that application was returned to him for noncompliance. See Larry, 361 F.3d at 897. Accordingly, the dismissal of Whitlock's petition as time barred is AFFIRMED.