**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-10327
Summary Calendar

LARRY HUDSON, JR.,

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CV-81

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Larry Hudson, Jr., Texas prisoner # 1218900, appeals the district court's dismissal, as time barred, of his 28 U.S.C. § 2254 petition, which he filed to challenge his jury trial conviction of aggravated assault with a deadly weapon. Hudson's conviction became final on December 27, 2005. On December 14, 2006, Hudson delivered his state habeas application to prison authorities for mailing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The application was filed in state court on December 28, 2006, and was denied on May 9, 2007. Hudson filed his § 2254 petition on May 19, 2007.

Hudson argues that he was entitled to equitable tolling of the limitations period on account of the fourteen-day delay between the date he submitted his state application for post-conviction relief to prison authorities for mailing and the date that the state habeas application was filed in court. He asserts that he would have filed his state habeas application earlier had he known that state authorities would "sit on" the application. Hudson contends that his delay in filing for state habeas relief was due to his attempts to obtain transcripts.

The one-year limitations period of 28 U.S.C. § 2244(d) is subject to equitable tolling "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted). Equitable tolling "will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004). The applicant bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Hudson's demonstration of a two-week delay between the submission of his state habeas application for mailing and its filing in state court does not establish that he was actively misled by state authorities or that he was prevented in an extraordinary way from pursuing his rights. *See Coleman*, 184 F.3d at 402. Moreover, given that approximately eleven and one-half months of the limitations period elapsed prior to Hudson's delivering his state habeas application for mailing, Hudson fails to establish that he diligently pursued his rights. *See Larry*, 361 at 897. In view of the foregoing, the district court did not

abuse its discretion in denying equitable tolling. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

AFFIRMED.