# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2022

Lyle W. Cayce
Clerk

No. 20-30098

Anthony Peters,

*Petitioner—Appellant*,

*versus*

Tim Hooper, Warden, Louisiana State Penitentiary,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-275

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Louisiana prisoner Anthony Peters, proceeding pro se, filed a state post-conviction relief application alleging ineffective assistance of counsel, among other claims. The state district court dismissed his application without prejudice because Peters failed to attach a copy of his judgment of conviction and sentence pursuant to Louisiana Code of Criminal Procedure

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30098

article 926. Peters sought a supervisory writ from the state court of appeal, which denied his writ application for failure to comply with article 926. Peters then sought supervisory writs from the state supreme court, which denied his writ application for failure to demonstrate that he received ineffective assistance of counsel.

Shortly thereafter, Peters filed the instant § 2254 habeas application. A federal magistrate judge issued a report that recommended dismissing this application as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). According to the magistrate judge, Peters's state post-conviction relief application was never properly filed and therefore did not toll the relevant statute of limitations. The federal district court accepted the magistrate judge's recommendation, dismissing Peters's § 2254 application with prejudice. Peters timely appealed.

For the following reasons, we AFFIRM.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

After a trial by jury conducted in January 2013, Peters was convicted of second degree murder. On March 1, 2013, he was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. *State v. Peters*, No. 2013 KA 1110, 2014 WL 1515757, at *1 (La. App. 1 Cir. April 17, 2014). On April 17, 2014, the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence. *Id.* at *1–4. On March 6, 2015, the Louisiana Supreme Court denied Peters's application for supervisory and/or remedial writs. *State ex rel. Peters v. State*, 161 So. 3d 10 (La. 2015). Peters did not seek discretionary review from the United States Supreme Court.

Three weeks later, on March 30, 2015, Peters filed an application for state post-conviction relief, asserting ineffective assistance of counsel, *Batson*

violations,[1] and prejudicial jury exposure to Facebook posts. The instructions on the application form advised Peters that he was required to append "official documentation showing [his] sentence and the crime for which [he had] been convicted" or "allege that steps were taken to obtain [the documentation]." The application Peters filed did not append this documentation or allege steps taken to obtain it.

On October 16, 2015, a commissioner for Louisiana's Nineteenth Judicial District Court informed Peters of the deficiency in his pleading and notified him that he must submit a copy of his judgment of conviction and sentence within thirty days, citing article 926. On November 23, 2015, the commissioner recommended that the state district court dismiss Peters's application due to his failure to provide a copy of the judgment of conviction and sentence. On December 15, 2015, the state district court dismissed Peters's application for post-conviction relief without prejudice.

On January 22, 2016, Peters sought a supervisory writ from the Louisiana First Circuit Court of Appeal. He also moved to supplement the record and to amend/remand the record back to the state district court so that he could include a copy of the judgment of conviction and sentence. On July 29, 2016, the state appellate court denied Peters's writ application, citing his failure to comply with article 926. *State v. Peters*, 2016-KW-0133 (La. App. 1 Cir. July 29, 2016). On August 8, 2016, Peters sought supervisory writs from the Louisiana Supreme Court. Again, he tried to include a copy of the judgment by separately moving to amend/remand. On January 12, 2018, the Louisiana Supreme Court denied Peters's writ application, stating only that he had "fail[ed] to show that he received ineffective assistance of counsel

---

[1] *See Batson v. Kentucky*, 476 U.S. 79 (1986).

No. 20-30098

under the standard of *Strickland v. Washington*[.]" *State v. Peters*, 318 So. 3d 678 (La. 2018) (per curiam) (citing 466 U.S. 668 (1984)).

On March 5, 2018, Peters filed the instant § 2254 habeas application, reasserting the claims raised in his state post-conviction relief application and raising two new claims regarding the voluntariness of a statement. The state filed an answer and a response addressing the merits of Peters's claims. On September 19, 2019, a federal magistrate judge issued a report that sua sponte addressed the timeliness of Peters's § 2254 application and recommended that it be dismissed as time-barred under AEDPA.

According to the magistrate judge, direct review of Peters's conviction concluded on June 4, 2015—ninety days after the Louisiana Supreme Court's merits judgment became final—because he did not file a petition for a writ of certiorari in the United States Supreme Court and he had one year from that date to file a § 2254 application absent some form of tolling. The magistrate judge reasoned that Peters was not entitled to statutory tolling because his application was dismissed for failure to append a copy of his judgment and consequently was never properly filed. Thus, by the time the Louisiana First Circuit Court of Appeal denied Peters's writ application on July 29, 2016, the one-year limitations period had already expired and Peters's § 2254 application was therefore untimely.[2] The federal district court subsequently overruled Peters's objection, accepted the magistrate judge's report and recommendation, and dismissed Peters's §2254 application with prejudice as time-barred under AEDPA.

---

[2] The magistrate judge noted that Peters failed to act with sufficient diligence to warrant equitable tolling, and Peters's opening brief explicitly abandons the argument that he was entitled to it.

No. 20-30098

Peters noticed his appeal, seeking a certificate of appealability ("COA") to challenge the district court's procedural ruling. This court issued Peters a COA on the district court's timeliness determination and appointed counsel to represent him on appeal.

## II. STANDARD OF REVIEW

Whether a §2254 habeas application was timely filed is an issue of law that this court reviews de novo. *Leonard v. Deville*, 960 F.3d 164, 167 (5th Cir. 2020).

## III. DISCUSSION

Under 28 U.S.C. § 2244(d), a one-year period of limitation applies to §2254 applications. This period begins on, inter alia, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A § 2254 petitioner is permitted tolling of the one-year period for any "time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim [was] pending." 28 U.S.C. §2244(d)(2). A properly filed state application is considered "pending" while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Although a state habeas application is filed when it is delivered to and accepted by a court official, to be deemed "properly filed" its delivery and acceptance must comply with the applicable laws and rules governing such pleadings. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); 28 U.S.C. § 2244(d)(2). "[I]f the applicable procedural rule is an absolute bar to filing such that it provides no exceptions and the court need not examine issues related to substance to apply the procedural rule then the application is not properly

filed." *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (internal quotation marks and citation omitted).

Article 926 provides that "[a] copy of the judgment of conviction and sentence shall be annexed to the petition." LA. C. CR. P. art. 926(A). However, this article also expressly provides that it is not an "absolute bar to filing such that it provides no exceptions and the court need not examine issues related to substance to apply the procedural rule[.]" *Larry*, 361 F.3d at 893. Specifically, article 926(E) states that "[i]nexcusable failure of the petitioner to comply with the provisions of this [a]rticle may be a basis for dismissal of his application," thereby vesting state courts with discretion to excuse noncompliance. LA. C. CR. P. art. 926(E).

Unlike the state district court and the state circuit court of appeal, the state supreme court did not expressly deny Peters's application for failure to append a copy of the judgment of conviction and sentence to his application. Rather, it denied his application because Peters "fail[ed] to show that he received ineffective assistance of counsel[.]" *State ex rel. Peters*, 318 So. 3d 678 (citing *Strickland*, 466 U.S. 668). According to Peters, "when a state court reviews a habeas application on the merits," as the Louisiana Supreme Court did here, "the application necessarily was properly filed for purposes of the federal habeas statute." His state application for post-conviction relief allegedly tolled AEDPA's statute of limitations while it was pending between March 30, 2015, when it was filed in state district court, and January 12, 2018, when it was denied on the merits by the state supreme court. Thus, when Peters filed his §2254 application on March 5, 2018, only fifty-two days had allegedly run on the relevant one-year limitations period.

However, this court "defer[s] to [state] courts' application of state law to determine whether a habeas petition is properly filed." *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (internal quotation marks and

citation omitted). And we are not aware of any case in which Louisiana state courts have addressed Peters's novel theory of retroactive proper filing. Meanwhile, we are aware that the Supreme Court has recognized a state court may address the merits of claims presented in improperly filed applications for many reasons, including, inter alia, to advise a pro se inmate that he was not denied post-conviction relief based solely on a deficiency in his pleading. *See Carey v. Saffold*, 536 U.S. 217, 225–26 (2002); *cf. Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("Opinion-writing practices in state courts are influenced by considerations other than avoiding scrutiny by collateral attack in federal court."). In other words, a determination on the merits does not necessarily reflect that an application was properly filed.

"As has been noted before, the [Louisiana] courts or Legislature can alter the State's practices or elaborate more fully on their import." *Harrington*, 562 U.S. at 100 (citing *Evans v. Chavis*, 546 U.S. 189 (2006)). "But that has not occurred here." *Id.* In the absence of an express disavowal of the requirements of article 926, we hold that the Louisiana Supreme Court's merits determination did not retroactively excuse Peters's failure to comply and render his application "properly filed" from the time it was first tendered. Accordingly, Peters's § 2254 application was untimely under AEDPA.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.