# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

No. 08-40162

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TOMMY LYNN JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division
6:07-CV-82

Before DAVIS, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant Tommy Lynn Johnson appeals the denial of his motion under 28 U.S.C. § 2255 to set aside or correct his sentence. Specifically, Johnson claims that his counsel was ineffective for failing to raise a due process challenge to the 25-year consecutive sentence imposed on the firearm charge because Johnson was incorrectly notified that he faced a 10-year sentence on that count. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-40162

I.

Tommy Lynn Johnson was charged in a second superceding indictment with conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of methamphetamine; conspiracy to possess pseudoephedrine knowing that it would be used to manufacture a controlled substance; four counts of possession of pseudoephedrine with knowledge or intent that it would be used to manufacture a controlled substance; possession of an unregistered short-barreled shotgun; and two counts of possession of a firearm in furtherance of a drug trafficking offense. In a notice of penalty filed with the indictment, the Government informed Johnson that the first count of possession of a firearm in furtherance of a drug trafficking offense carried a sentence of five years of imprisonment to be served consecutively to any other term of imprisonment, and that the second count of possession of a firearm in furtherance of a drug trafficking offense carried a sentence of 10 years of imprisonment to be served consecutively to any other term of imprisonment. At arraignment, the district court likewise informed Johnson that he faced a consecutive sentence of 5 years of imprisonment on the first count of possession of a firearm in furtherance of a drug trafficking offense and a sentence of 10 years of imprisonment on the second count of possession of a firearm in furtherance of a drug trafficking offense.

A jury found Johnson guilty on all counts. The district court sentenced Johnson to 151 months of imprisonment on each of the drug counts and 120 months of imprisonment on the short-barreled shotgun count, the sentences to run concurrently. It additionally sentenced Johnson to the statutory minimum consecutive sentences of five years of imprisonment on the first possession of a firearm in furtherance of a drug trafficking offense count and 25 years of imprisonment on the second possession of a firearm in furtherance of a drug

2

No. 08-40162

trafficking offense count. 18 U.S.C. § 924(c)(1)(a)(i), (c)(1)(c)(i); *Deal v. United States*, 508 U.S. 129, 131-37 (1993) (holding that a "second or subsequent" conviction under § 924(c)(1) can be a second count at the same trial). These sentences resulted in an overall sentence of 511 months of imprisonment. The district court also sentenced Johnson to a total of 5 years of supervised release.

This court affirmed Johnson's convictions and sentences. *United States v. Johnson*, 105 F. App'x 578, 581 (5th Cir. 2004). The Supreme Court vacated and remanded for reconsideration in light of *Booker*. *Johnson v. United States*, 543 U.S. 1114, 1114 (2005). On remand, this court again affirmed Johnson's convictions and sentences. *United States v. Johnson*, 156 F. App'x 640, 642 (5th Cir. 2005). The Supreme Court denied certiorari. *Johnson v. United States*, 547 U.S. 1050, 1050 (2006).

Johnson subsequently filed the present § 2255 motion. In the § 2255 motion, Johnson raised the following claims: (1) his counsel was ineffective for not challenging his 25-year consecutive sentence for the second firearm count on the basis that his prior conviction was not alleged in the indictment or found by the jury; (2) his counsel was ineffective for not challenging the constitutionality of the Sentencing Guidelines at sentencing based upon the cases that led to the Supreme Court's later ruling in *Booker*; (3) his counsel was ineffective for not arguing that his conviction on the second firearm count was not a second or subsequent conviction under § 924(c)(1)(C)(i); (4) his counsel was ineffective for not arguing that his convictions for possession of pseudoephedrine with knowledge or intent that it would be used to manufacture a controlled substance were not drug trafficking offenses that could serve as the predicates for his convictions for possession of a firearm in furtherance of a drug trafficking offense; (5) the first count of the indictment was fraudulent because the Government knew that there was no evidence that he was involved in a

conspiracy involving 50 grams or more of methamphetamine and his counsel was ineffective for not raising this issue at trial; and (6) his due process rights were violated and his counsel was ineffective at sentencing for not arguing that sentencing him to 25 years of imprisonment on the second firearm count violated his due process rights because both the Government and the district court notified him that the maximum sentence was 10 years of imprisonment.

The magistrate judge (MJ) recommended that Johnson's § 2255 motion be dismissed on its merits. Over Johnson's objections, the district court adopted the MJ's report and recommendation and dismissed Johnson's § 2255 motion. It sua sponte denied Johnson a COA. Regarding Johnson's ineffective assistance of counsel and due process claim based on the incorrect notice of penalty, the district court ruled that the erroneous notice of penalty was "'regrettable, even inexcusable,'" but failed to provide a basis for relief because the statute notified Johnson of the possible penalty. (quoting *United States v. McCalla*, 38 F.3d 675, 679 (3d Cir. 1994). In support of its conclusion, the district court cited to *McCalla* and *United States v. Perez-Torres*, 15 F.3d 403, 406 (5th Cir. 1994), two cases in which the court rejected a due process challenge to a sentence for illegal reentry into the United States following deportation that was based upon an erroneous notice of the maximum penalty for illegal reentry provided to the defendant when he was deported.

Johnson filed a timely notice of appeal from the denial of his § 2255 motion. This court granted Johnson a COA on his claim "that his counsel was ineffective for not arguing at sentencing that he could not be sentenced to 25 years of imprisonment on the second firearm count because he had been incorrectly notified that he faced only a sentence of 10 years of imprisonment on that count." *United States v. Johnson*, No. 08-40162, slip op. at 2 (5th Cir. Mar. 10, 2009) (unpublished).

No. 08-40162

II.

Johnson argues that his counsel was ineffective at sentencing for failing to challenge the 25-year sentence on the second possession of a firearm in furtherance of a drug trafficking offense count on due process grounds because Johnson was incorrectly notified that he could receive only a 10-year sentence on that count. He maintains that the district court's reliance upon *McCalla* and *Perez-Torres* is misplaced because in both of those cases the defendant was informed of the correct maximum sentence prior to being convicted. He maintains that the incorrect penalty notification by the Government and the district court amounted to a decision to prosecute him for violating § 924(c)(1)(B)(i) instead of violating § 924(c)(1)(C)(i). Johnson contends that his case is similar to *United States v. LaBonte*, 520 U.S. 751 (1997), where the Court noted that pursuant to 21 U.S.C. § 851, enhanced penalties for repeat drug offenses are only applicable if the defendant is given notice prior to trial or the entry of a guilty plea.

Johnson additionally raises a new claim that his counsel was ineffective for not raising the issue that applying a sentence enhancement under § 924(c)(1)(B)(i) for Johnson's firearm being a short-barreled shotgun was improper because the type of gun was an element of the offense that was required to be charged in the indictment and proven beyond a reasonable doubt to a jury. As Johnson has not been granted a COA on this issue, this court does not have jurisdiction to consider it. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) (holding that this court has jurisdiction to consider only those issues on which a COA has been granted).

To demonstrate that he received ineffective assistance of counsel, Johnson must show, under the two-prong test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that counsel's assistance was deficient and that the

5

deficiency prejudiced his defense.   A failure to establish either deficient performance or resulting prejudice defeats the claim. *Id*. at 697.  To demonstrate deficient performance, a habeas applicant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687.  To demonstrate prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694, and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

This court has previously considered a case in which three defendants were charged with possession of a firearm in furtherance of a drug trafficking offense, notified at arraignment that they faced a five-year sentence pursuant to § 924(c), which would implicate subsection 924(c)(1)(A)(i), and then sentenced to 30 years of imprisonment pursuant to § 924(c)(1)(B)(ii) because the firearm they possessed was a machine gun. *See United States v. Gonzales*, 121 F.3d 928, 934 (5th Cir. 1997).  The defendants argued that the imposition of the sentence enhancement for the firearm being a machine gun violated their due process rights because it was not alleged in the indictment and they were not notified that they faced the sentence enhancement at arraignment. *Id*. at 940-41.  This court held that the 30-year sentence mandated by § 924(c)(1)(B)(ii) when a defendant possesses a machine gun was a sentence enhancement, not an element of the offense, and did not need to be charged in the indictment. *Id*. at 941.  It further held that because the machine gun enhancement was sentence enhancement, not an element of the offense, the Due Process Clause was satisfied because the defendants were informed of the enhancement prior to

No. 08-40162

sentencing even though they were not informed of the enhancement prior to trial. *Id.*

The Supreme Court has subsequently overruled the portion of this court's ruling in *Gonzales* holding that the machine gun provision in § 924(c)(1)(B) is a sentencing factor and held that the machine gun provision is an element of the offense. *United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010). In the present case, however, Johnson's sentence enhancement under § 924(c)(1)(C)(i) was based solely upon a prior conviction, not the type of weapon involved under § 924(c)(1)(B), and was therefore a sentence enhancement rather than an element of the offense.[1] To distinguish a sentence enhancement from an element of the crime, courts are directed to examine (1) the statute's language and structure; (2) tradition; (3) the risk of unfairness, (4) severity of the sentence, and (5) legislative history. *Id.* at 2175. The factors of "tradition" and "risk of unfairness" dominate the analysis in this situation. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998), analyzed 8 U.S.C. § 1326, which imposes a greater sentence on aliens who reenter the United States after being deported following conviction for an aggravated felony, under similar factors. In deciding that § 1326 was a sentencing factor, the court noted at the outset

---

[1] 18 U.S.C. § 924(c) reads in pertinent part -

(1) . . .

  (B) If the firearm possessed by a person convicted of a violation of this subsection--
    (i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or
    (ii) is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to a term of imprisonment of not less than 30 years.
  (C) In the case of a second or subsequent conviction under this subsection, the person shall--
    (i) be sentenced to a term of imprisonment of not less than 25 years; and
    (ii) if the firearm involved is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, be sentenced to imprisonment for life.
The type of gun described in § 924(c)(1)(B) is thus an element of the offense under *O'Brien*. The sentence enhancement based on a prior conviction under § 924(c)(1)(C) is not.

that the subject matter of the provision is recidivism, which "is as typical a sentencing factor as one might imagine." *Id.* at 230. The court also noted that lower courts uniformly interpret such statutes as setting forth sentencing factors and that it had found no statute that clearly makes recidivism an offense element. *Id.*

> Finally, the contrary interpretation -- a substantive criminal offense -- risks unfairness. If subsection (b)(2) sets forth a separate crime, the Government would be required to  prove to the jury that the defendant was previously deported "subsequent to a conviction for commission of an aggravated felony." As this Court has long recognized, the introduction of evidence of a defendant's prior crimes risks significant prejudice.

*Id.* at 234-235. This analysis applies equally to § 924(c)(1)(C)(i).  *O'Brien* also recognizes that the "recidivist provisions in (C)(i) and (ii) . . . are typically sentencing factors as well". 130 S.Ct. at 2180. Nothing related to the statute's language and structure, the severity of the sentence or the legislative history indicates a Congressional intention to the contrary. Therefore, § 924(c)(1)(C)(i) is a sentence enhancement not an element of the offense.

Accordingly, because Johnson was informed of the sentence enhancement prior to sentencing in the presentence report, the application of the sentence enhancement under § 924(c)(1)(C)(i) did not violate the Due Process Clause despite the incorrect notice of punishment given at arraignment. *See Gonzales*, 121 F.3d at 941. As the enhancement for Johnson's having a prior conviction was a sentence enhancement, not an element of the offense, the Government did not need to include it in the indictment. *See id.* at 940-41. Accordingly,

8

No. 08-40162

Johnson's assertion that the Government chose to prosecute him under § 924(c)(1)(B)(i) instead of § 924(c)(1)(C)(i) is without merit. *See id.* at 940-41.[2]

Johnson attempts to distinguish *Gonzales* by arguing that the issue in *Gonzales* was whether the enhancement was alleged in the indictment, not whether the defendants were incorrectly informed of the possible sentence at arraignment. This argument is without merit as one of the defendants in *Gonzales* raised, without success, the exact argument that Johnson is raising: that the application of the sentence enhancement violated the Due Process Clause because he was not notified of the sentence enhancement at arraignment. *See Gonzales*, 121 F.3d at 941. While Johnson further notes that the district court did not rely on *Gonzales*, this does not affect the resolution of this appeal, as this court may affirm based on any ground apparent in the record. *See Mangaroo v. Nelson*, 864 F.2d 1202, 1204 n.2 (5th Cir. 1989). Finally, Johnson's reliance upon *LaBonte* is misplaced, as that case involved sentence enhancements under 21 U.S.C. § 851, and the language of that statute requires notification of the enhancement prior to trial, while the language of § 924(c)(1)(C)(i) does not. *See LaBonte*, 520 U.S. at 754 n.1.

As shown above, the argument that Johnson could not be sentenced to 25 years of imprisonment on the second possession of a firearm in furtherance of a drug trafficking offense count because he was not notified of the correct possible sentence at arraignment is without merit. *See Gonzales*, 121 F.3d at 941. Therefore, Johnson's counsel was not ineffective for not raising this argument.

---

[2] Although the government points out that it offered Johnson a plea agreement including a sentence of 10 years, Johnson does not argue that the error in the notice of possible sentence precluded him from making an informed decision on the plea deal. The possible sentence that Johnson was facing on the drug and conspiracy counts was up to 150 years, if imposed consecutively, before considering the two firearm counts that required consecutive sentences of five and ten years individually.

No. 08-40162

*See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (holding that failure to raise meritless objection is not ineffective assistance).

### III.

Johnson has moved for appointment of counsel on appeal to participate in oral argument. Counsel should be appointed in a habeas appeal only if the interests of justice so require. *See Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985). As Johnson's appeal is without merit and oral argument is not necessary, Johnson has not shown that the interests of justice require the appointment of counsel. Johnson's motion for appointment of counsel is hereby denied.

### IV.

In summary, the district court had no duty at arraignment to advise Johnson of the possible 25-year sentence enhancement that might apply to the second firearm charge as opposed to the statutory maximum that applied to the count on a stand alone basis. At that point in the proceedings the district court is not in a position to warn of possible sentence enhancements because it doesn't know which may apply until the defendant is convicted or pleads guilty. Consequently, counsel was not ineffective for failing to argue that the 25-year sentence violated Johnson's due process rights despite the earlier notification that the maximum sentence on that count was 10 years of imprisonment.

For the foregoing reasons, the denial of Johnson's § 2255 motion is AFFIRMED and Johnson's motion for appointment of counsel is DENIED.