# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2014

Lyle W. Cayce
Clerk

No. 13-10430
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT ARTHUR ROGERS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-210-1

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Robert Arthur Rogers challenges his 210-month sentence following his guilty-plea conviction for possession with intent to distribute methamphetamine. For sentencing purposes, Rogers was held accountable for over 1.8 kilograms of methamphetamine. Based on an offense level of 37 and a criminal history category of I, his advisory sentencing range under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Guidelines was 210 to 262 months' imprisonment. As noted, he was sentenced at the bottom of the range.

Although Rogers contends the district court erred in increasing his offense level for a leadership role, he offers nothing to support this assertion. Accordingly, the issue is deemed abandoned. *See* FED. R. APP. P. 28(a)(8); *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citations omitted).

Rogers also contends his sentence is unconstitutionally excessive because it is grossly disproportionate to the severity of his crime. Because Rogers did not object to his sentence in district court, review is limited to plain error. *See United States v. Chon*, 713 F.3d 812, 823 (5th Cir. 2013). Under the plain-error standard, Rogers must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Rogers' claim fails because there is no clear or obvious error. Along that line, the Eighth Amendment prohibits a sentence that is grossly disproportionate to the severity of the crime for which it is imposed. *Solem v. Helm*, 463 U.S. 277, 289-90 (1983). The scope of review for Eighth Amendment proportionality challenges is narrow. *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (citation omitted). The first step is a threshold comparison between the gravity of the offense and the severity of the sentence. *Id.* (citation omitted). If the reviewing court concludes the sentence is not grossly disproportionate to the gravity of the offense, then the inquiry is complete. *Id.* Only if the reviewing court determines the sentence is grossly disproportionate to the offense will the court proceed to the second step, a comparison between

the defendant's sentence with sentences imposed for similar crimes in the same jurisdiction, and in other jurisdictions. *Id.* (citation omitted).

This court has identified *Rummel v. Estelle*, 445 U.S. 263 (1980), as a "benchmark" case in a proportionality analysis. *See United States v. Gonzales*, 121 F.3d 928, 943 (5th Cir. 1997), *abrogated on other grounds by United States v. O'Brien*, 560 U.S. 218 (2010), *as recognized in United States v. Johnson*, 398 F. App'x 964, 968 (5th Cir. 2010). In *Rummel*, the Supreme Court upheld a life sentence for an offender's third nonviolent-felony offense of obtaining money by false pretenses. 445 U.S. at 285. In *Gonzales*, this court determined a non-habitual offender's 30-year sentence for using or carrying a firearm in furtherance of a drug-trafficking offense was not excessive when measured against *Rummel*'s benchmark, because the gravity of the offense was greater and the penalty less severe than in *Rummel*. 121 F.3d at 943-44. In *Harmelin v. Michigan*, the Supreme Court affirmed, in the light of *Rummel*, a life sentence for possession of a large quantity of cocaine. 501 U.S. 957, 961-62, 996 (1991).

Using *Rummel* and its progeny as benchmarks, Rogers' 210-month sentence is not grossly disproportionate to his offense. The gravity of Rogers' offense is greater, and the sentence less severe, than in *Rummel*. *See, e.g.*, *Gonzales*, 121 F.3d at 943-44. Because Rogers has not shown his sentence is grossly disproportionate to his offense, the inquiry is complete.

AFFIRMED.