John A. MACHELLA, etc.,
Plaintiff-Appellant,

v.

M. Michael CARDENAS, as Administrator of the Small Business Administration, Defendant-Appellee.

No. 80–3129.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 19, 1981.

Patrick D. Breeden, Robert Hugh Matthews, New Orleans, La., for plaintiff-appellant.

Susan Chalker, William Kanter, Dept. of Justice, Civ. Div.—Appellate Staff, Washington, D. C., for defendant-appellee.

ON PETITION FOR REHEARING

(Opinion August 14, 1981, 5 Cir., 1981, 653 F.2d 923)

Before RUBIN, RANDALL and TATE, Circuit Judges.

PER CURIAM:

Machella's original brief, at page 39, questions the district court's refusal to allow Machella to add Mrs. Shaw as a plaintiff under the caption: INTERVENTION AND PROTECTION. It points out, correctly, that leave of the district court to file a new complaint was sought and that this

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

asserted: "Now into court comes John A. Machella and Shirley E. Shaw individually and on behalf of all others similarly situated . . . ." Counsel stated in his brief to us that the matter was thus presented because he thought "that it might be prudent to have Ms. Shaw as an additional party plaintiff *to represent the class thereby assuring the class of adequate representation on all issues."* (Emphasis supplied.) After discussing the procedure, the principal brief to us adds:

> "The court agreed that the issues were not well founded (T–2) and did not otherwise address these issues as a reason for denying *Ms. Shaw's intervention."* (Emphasis supplied.)

> \* \* \* \* \* \*

> "It is respectfully suggested that *Ms. Shaw should have been allowed to intervene under Rule 24(a) or (b) FRCP* especially if the court had any thoughts that Machella might not be a good class representative . . . ." (Emphasis supplied.)

> \* \* \* \* \* \*

> "Now if the first class was too broad Ms. Shaw was still around for each of the two subsequent motions to reconsider class certification and definition. The last occasion that Shaw's *intervention* was brought up it was made with the Second Motion to Reconsider Class Certification and Definition." (Emphasis supplied.)

> \* \* \* \* \* \*

> "It is respectfully suggested that due to the fact that this lower court did not believe Machella to be a good class representative as is stated in its second 'Order and Reason' entered January 28, 1980 and due to the fact Shaw had not settled her controversy the Court should have then allowed the *intervention* of Ms. Shaw. *Calhoun* supra at 683, *Gabriel* supra and *Roper* supra. That according to 24(a)(2) Ms. Shaw at this time had a right to *intervene* since under any definition of the class offered she had an interest which was a subject of this class action and she was so situated that the dismissal of this action would for practical reasons

impair or impede her ability to protect her interest and the interest of the not present class member for cost and a reasonable legal fee to be shared by all class members. That due to this fact the court errored [*sic*]. Even if Ms. Shaw's *intervention* is not one of right it is clearly one covered by *24(b) FRCP* and the Court errored [*sic*] in not allowing her *intervention* and this error was clearly an abuse of discretion." (Emphasis supplied.)

> \* \* \* \* \* \*

> "This argument is made in addition to the argument that Ms. Shaw falls within the provisions of both *Roper* supra and *Geraghty* supra since as of the filing of the *intervention* she had a right to the forgiveness provided by the DRA 1969 and/or DRA 1970. This right is not disputed by the SBA (R820)." (Emphasis supplied.)

Machella's *reply* brief also asserts:

> "Now let us say a little more about Ms. Shaw. The brief of defendant, SBA does not address any of the issues to Ms. Shaw stated in the initial brief of Appellants so it could be said that they agree that if the trial Court had any doubts as to whether Machella would be a satisfactory class representative for Class one and two then Ms. Shaw had a right to *intervene*. (Emphasis supplied.)

The notice of appeal specifies that the issues appealed by John A. Machella, et al., "include but [are] not limited to orders denying the *intervention* or the adding of an additional party plaintiff, i. e. Ms. Shirley Shaw . . . ." (Emphasis supplied.)

 As to Ms. Shaw, this court's opinion stated, correctly, "During the proceedings in the district court Machella attempted to add Shirley Shaw as a party plaintiff by amending his complaint." Then, we discussed the correctness of the district court's action in refusing to permit the amendment, as if (as Machella contended) it was a refusal to allow intervention. The petition for rehearing now asserts that, despite Machella's reliance in his brief on Rule 24, Fed.R.Civ.P., we should have considered his

pleading as a motion to amend under Rule 21. Even accepting this belated argument as now properly made, the fact remains that Machella has shown no injury to him as a result of denial of the amendment. Even with a Rule 21 amendment, the complaint would not have buttressed Machella's claim; it would only have added Ms. Shaw as a plaintiff. Only the party aggrieved by a district court ruling has standing to appeal. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333–34, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980); *Machella v. Cardenas*, 653 F.2d 923, 927 (5th Cir. 1981); 9 Moore's Federal Practice ¶ 203.06 (2d E.D. 1980). Ms. Shaw has not appealed.

 Machella finally asserts that Mrs. Shaw's appearance as a plaintiff would have "saved" the class action. The fact remains that Machella is not a proper class representative and, if a class exists at all, no member of the class has appealed, and Ms. Shaw has not. As an amendment, the pleading required leave of court. Rule 21, Fed.R.Civ.P. The district court denied leave because the definition of the proposed class that would have included her was too broad for certification and there was "no narrower connection between Ms. Shaw and plaintiff's claim in this suit than the fact that the SBA may owe both of them money in connection with a DRA loan." (The plaintiff eventually sought reconsideration of this in the district court as denial of a motion to *intervene* and this was refused.)

There is no one before us either as an individual or as a class representative aggrieved by the action of the district court. If there is a class at all, it is truly vacant. We see no reason to remand this overbroad claim to determine whether, if there is truly a class, there is any class member who seeks to represent it. *Cf. Satterwhite v. City of Greenville*, 634 F.2d 231 (5th Cir. 1981).

For these reasons the motion for a rehearing is DENIED.