# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 05-20944
Summary Calendar

HUEY P WALTERS,

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-1026

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Huey P. Walters, Texas prisoner # 501052, appeals the district court's denial of his 28 U.S.C. § 2254 petition for failure to exhaust his state court remedies and, in the alternative, grant of the respondent's motion for summary judgment with regard to the award of his educational good-time credits.

The district court erred in denying Walters's § 2254 petition for failure to exhaust. Although the state habeas trial court recommended that Walters's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

state habeas application be "dismissed" on procedural grounds, the Texas Court of Criminal Appeals "denied" the application. Under this court's precedent, because Walters's state habeas application was "denied," it was adjudicated on the merits and not dismissed on procedural grounds. Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000); see Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The record shows that Walters filed his state habeas application after he filed his time-credit dispute resolution forms and more than 180 days had passed without a response and, thus, contrary to the state habeas trial court's finding, Walter was not precluded from raising his time-credit claims in his state habeas application. See TEX. GOV'T CODE ANN. § 501.0081 (West 2004); Ex parte Stokes, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000).

Walters argues that the state created a liberty interest in the award of educational good-time credits and that prison officials failed to award him all of the good-time credits to which he was entitled upon completion of his college degree in December 2003. Walters also asserts that by not backdating his educational credits prison officials have lengthened his sentence in violation of the Ex Post Facto Clause.

The district court found that Walters failed to show that he did not receive the proper amount of time credits following his completion of an educational program and failed to dispute the respondent's assertion that he could earn no more credits than he was currently receiving. However, the district court granted summary judgment to the respondent and, thus, it was the respondent's burden to show that there were no errors in how credits were awarded to Walters. See FED. R. CIV. P. 56(c). Walters's time record is not in the record on appeal, and there was no summary judgment evidence showing that Walters was not entitled to ten additional good-time credits upon the completion of his college degree or showing how many credits he was awarded. The summary judgment evidence presented by the respondent contained only a conclusional assertion that there were no errors in the calculation of Walters's sentence. Thus, the

district court erred in granting summary judgment to the respondent based on Walters's failure to show that he did not receive the proper amount of credits to which he is entitled.

The district court also erred in determining that, even assuming that Walters did not receive the proper of amount of credits, Walters was not entitled to federal habeas relief because, under Texas law, good-time credits do not affect an inmate's term of imprisonment. It is well settled that Texas inmates, such as Walters, who are eligible for mandatory supervision release have a protected liberty interest in earned good-time credits. Teague v. Quarterman, 482 F.3d 769, 776-77 (5th Cir. 2007); Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000).

For the same reason, the district court erred in determining that the failure to backdate Walters's good-time credits did not violate the Ex Post Facto Clause because such credits did not affect or increase his term of imprisonment. The Supreme Court has found ex post facto violations with respect to retrospective changes affecting a prisoner's good-conduct time. See Lynce v. Mathis, 519 U.S. 433, 445-46 (1997); Weaver v. Graham, 450 U.S. 24, 35-36 (1981). The respondent did not put on any summary judgment evidence showing that Walters was not entitled to backdating of the award of the educational credits, and it is not clear from the record whether Walters is entitled to backdating. Accordingly, the district court erred in granting summary judgment to the respondent on this claim.

JUDGMENT VACATED AND CASE REMANDED FOR FURTHER PROCEEDINGS.