**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-50580

BARRY MICHAEL WION,

Petitioner-Appellee-
Cross-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice, Correctional Institutions Division,

Respondent-Appellant-
Cross-Appellee.

Appeals from the United States District Court
for the Western District of Texas

Before SMITH and SOUTHWICK, Circuit Judges,
and ENGELHARDT, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

I.

Barry Wion is a Texas prisoner. At his first parole hearing, on August 26, 2004, the Texas Board of Pardons and Paroles ("the Board") denied parole under a new procedure created by Senate Bill 45, codified as TEX. GOV'T CODE § 508.046 (Vernon 2004), after the time of his conviction.

Wion contends that applying the new procedure violates the Ex Post Facto Clause of the United States Constitution, Article I, section 10. He filed a request for special review of his parole denial––a type of administrative appeal––in May 2005. The review was denied on October 11, 2005. Meanwhile, he filed state petitions for writs of habeas corpus on August 12, 2005, but they were dismissed on October 26, 2005, for noncompliance with state rules. Wion filed this federal habeas petition on September 20, 2005, while his special review and initial state habeas petitions were pending. Finally, he properly re-filed the state petitions in November 2005, and they were denied in January 2006.

The federal district court held that Wion's habeas petition is timely because of tolling of the limitations period, and in the alternative, if it was not timely, that equitable tolling should apply. The court then granted Wion's habeas claim in part and ordered that his future parole hearings be conducted under the law in effect at the time of his conviction. Concluding that tolling––equitable or otherwise––should not apply, we reverse and render.

II.

A.

Issues of law in a habeas proceeding are reviewed *de novo. See Richardson v. Joslin*, 501 F.3d 415, 417 (5th Cir. 2007). Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitations period, 28 U.S.C. § 2244(d), that runs from latest of several possible events. *See id.* The one that applies in this case is the Board's denial of parole in August 2004.

Without tolling, Wion's habeas petition would have been due in August 2005, but it was filed in September 2005.

1.

Wion argues that limitations were tolled while his special review request was pending. Before pursuing federal habeas relief, a petitioner is required to exhaust all state procedures for relief. *See Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000). Wion made his special review request in May 2005, well within the one-year period; it was still pending when he filed his federal habeas petition and was denied about a month later.

The question whether special review tolls the AEDPA limitations period is one of first impression in this circuit. A comparison with the law governing prison good-time credit is instructive. Texas law does not allow a prisoner to file a state habeas petition regarding a revocation of good-time credits unless he first obtains a written decision from the administrative procedure. *See Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). This requirement is plainly stated in the statute. *See* TEX. GOV'T CODE § 501.0081(b) (Vernon 2004). By contrast, the regulations creating the special review process do not indicate that special review has any effect on a potential habeas petition. *See* 37 TEX. ADMIN. CODE § 145.17.

Texas courts have allowed prisoners to bring state habeas claims without having gone through special review. *See Ex parte Geiken*, 28 S.W.3d 553, 555-56 (Tex. Crim. App. 2000). Because Wion was not required to seek special review to exhaust his state remedies, AEDPA limitations were not tolled while his special review was pending.

2.

Wion contends the limitations period should have tolled while his state habeas petitions were pending. He first filed his state habeas petitions on August 12, 2005, which was before the deadline for filing for federal habeas relief. His petitions were dismissed for failure to meet the filing requirements in the state rules. Only a "*properly filed* petition for State post-conviction or other collateral review" will toll limitations. 28 U.S.C. § 2244(d)(2) (emphasis added). We "defer to [state] courts' application of state law" to determine whether a habeas petition is properly filed. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). AEDPA limitations was not tolled for Wion's improperly-filed state habeas petitions.

Wion re-filed his petitions, this time properly, in November 2005, but that was after the one-year AEDPA limitations had run. The re-filed petitions could not have tolled limitations.[1]

B.

The district court held, in the alternative, that if the statute of limitations was not necessarily tolled while Wion proceeded with his special review request, it was equitably tolled, because he diligently pursued it as a state remedy. We review equitable tolling for abuse of discretion.[2]

Equitable tolling is granted only in "rare and exceptional circumstances." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). It is not justified merely because an attorney makes a mistake of law regarding limitations. For example, in *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002), we reversed the in-

---

[1] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (explaining that state habeas petition filed after AEDPA limitations period does not toll limitations).

[2] *See, e.g.*, *Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006); *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005).

vocation of equitable tolling where an attorney's error or neglect caused the petition to be filed late.

Even where, as here, the applicable law is unclear or unsettled, a mistaken interpretation of the law is not a "rare and exceptional circumstance" that justifies equitable tolling. The petitioner should "err on the side of caution and file [the] petition within the most conservative of possible deadlines."[3] It follows that if limitations were not automatically tolled during the special review, Wion's belief to the contrary does not justify equitable tolling.

In summary, Wion did not file for federal habeas within the one-year period. He was not entitled to tolling based on his pursuit of state relief, and the district court abused its discretion by granting equitable tolling in the face of his lack of exceptional circumstances. The petition is time-barred, and the judgment is REVERSED and RENDERED for the state.[4]

---

[3] *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002). *See also Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (per curiam) ("In the absence of 'rare and exceptional circumstances,' the district court abused its discretion in invoking equitable tolling where Flores, in the face of uncertainty as to which date to abide by, elected the later date.").

[4] We dismiss Wion's cross-appeal, in which he claims the district court should have granted him an immediate new parole hearing.