# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 5, 2010

Lyle W. Cayce
Clerk

No. 08-11010

THOMAS JEFFREY STONE,

Petitioner-Appellant,

versus

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CV-1657

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 09-40028

THOMAS JEFFREY STONE,

                                        Petitioner-Appellant,

versus

RICK THALER, Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

                                        Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
No. 4:07-CV-51

Before SMITH, WIENER, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Thomas Stone, Texas prisoner #671904, appeals the dismissals, as time-barred, of his federal petitions for writs of habeas corpus. We vacate those dismissals and remand for further proceedings.

I.

Stone was convicted in 1994 of robbery in Dallas County and Collin County, Texas, and was sentenced to concurrent twenty-five-year terms of imprisonment. He was released to parole in January 2003, but that parole was revoked in November 2004.

On May 3, 2005, Stone filed a time-credit dispute-resolution request

No. 08-11010
No. 09-40028

("TDR"), pursuant to section 501.0081 of the Texas Government Code, complaining of errors in the calculation of his time-earning status, parole date, and projected release date. On February 23, 2006, the Texas Department of Criminal Justice issued a written decision finding no error. Stone filed another TDR on May 10, 2006, which was denied nearly a year later.

On July 31, 2006, Stone filed a state habeas application challenging his parole revocation and the calculation of his time-served credit. On January 29, 2007, while his state application was pending, he filed a federal habeas application in the Eastern District of Texas on the same grounds. On September 12, 2007, Stone's state habeas application was denied. He then filed two more federal habeas applications[1] challenging his time-served credit in the Northern District of Texas on September 24, 2007.

Both district courts dismissed the habeas applications as time-barred, and Stone appealed the dismissals. This court consolidated the two appeals and granted a Certificate of Appealability ("COA") to determine whether the federal limitations period was statutorily or equitably tolled during the pendency of Stone's time-served credit disputes.

## II.

Issues of law in a habeas appeal are reviewed *de novo*. *See Richardson v. Joslin*, 501 F.3d 415, 417 (5th Cir. 2007). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitations period for federal petitions brought by state prisoners. 28 U.S.C. § 2244(d)(1). Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. *See Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004). The limitations period begins on "the date on which the factual predicate of the claim or claims

---

[1] Those two applications were subsequently consolidated by the district court.

3

No. 08-11010
No. 09-40028

presented could have been discovered through the exercise of due diligence."
§ 2244(d)(1)(D). Section 2244(d)(2) provides that "[t]he time during which a
properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted to-
ward any period of limitation under this subsection." We review the denial of
equitable tolling only for abuse of discretion. *Fisher v. Johnson*, 174 F.3d 710,
713 (5th Cir. 1999).

III.

A.

Stone claims that the AEDPA limitations period was statutorily tolled dur-
ing the pendency of his TDR's. Although this court has not squarely addressed
whether filing a TDR tolls limitations, we are not without guidance. In *Wion v.
Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1120
(2010), we held that a petition for special review of a parole denial does not toll
limitations, because special review does not have "any effect on a potential
habeas petition." *Id*. The *Wion* court specifically contrasted special review with
the procedure for disputing time-served credit under section 501.0081. *Id*. Un-
der that section, prisoners are required to seek administrative review of their
time-credit disputes by filing a TDR before filing a state habeas application.
After filing a TDR, prisoners are then prohibited from filing for state habeas re-
lief until they receive a written decision or until 180 days elapse, whichever
comes first. TEX. GOV'T CODE § 501.0081(b)(1)-(2).

Although *Wion* did not hold that filing a TDR tolls limitations, the court's
reasoning entails that conclusion. Texas law does not require prisoners to apply
for special review of a parole decision, and those applications have no effect on
the ability to file for state habeas relief. Because special review presents no im-

No. 08-11010
No. 09-40028

pediment to applying for state habeas relief, the *Wion* court held that there is no justification for tolling the AEDPA limitations period. Texas law does, however, require prisoners disputing time-served credit to file a TDR and wait until they receive a written decision or until 180 days elapse before filing a state habeas application. A modest extension of *Wion*'s reasoning leads to the conclusion that filing a TDR impedes a prisoner's ability to file for state habeas relief, so AEDPA limitations was tolled during Stone's time-served credit dispute.

Two subsidiary issues remain in determining the length of the tolling period on Stone's claim. The first is whether the limitations period was tolled for the entire time Stone's first TDR was pending. The second is whether his subsequent TDR had any effect on the limitations period.

Stone contends that his first TDR tolled limitations until he received a written decision in February 2006. Conversely, the state argues that limitations should be tolled only a maximum of 180 days. We agree with the state. Although Stone did not receive a written decision on his TDR for more than eight months, he was free to file a state habeas application after 180 days. After the impediment to his state habeas application had been removed, there was no reason to continue tolling. Therefore, the limitations period was tolled for only 180 days after Stone filed his first TDR.

Stone also claims that limitations was tolled after he filed his second TDR in May 2006. We disagree. Stone was not required to file a second TDR before applying for state habeas relief and was not prohibited from making that application during its pendency. The second TDR, therefore, did not toll the limitations period.

## B.

Stone argues in the alternative that limitations should be equitably tolled.

No. 08-11010
No. 09-40028

Because we conclude that he is entitled to 180 days of statutory tolling, we address only whether he was entitled to equitable tolling in excess of that.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal citation and quotation marks omitted). We have already held that Stone's TDR created a statutory impediment to filing a state habeas application and that the impediment dissolved after 180 days had elapsed. Because Stone was not required to file a second TDR, and because the record reveals no other "extraordinary circumstance," Stone is not entitled to equitable tolling.

IV.

The district courts erred in holding that Stone was not entitled to statutory tolling during the pendency of his first TDR. We therefore VACATE the dismissals of his federal habeas claims. Although the limitations period was tolled for 180 days, we decline to resolve whether Stone's federal habeas petitions were timely. The district courts identified two different dates on which the limitation period commenced––one that would render the petitions timely and one that would render them time-barred.[2] Because the COA does not authorize us to resolve that issue, we VACATE and REMAND to the respective district courts for further proceedings consistent with this opinion. We intimate no view on what decisions should be made on remand.

---

[2] The United States District Court for the Eastern District of Texas found that the limitations period commenced on October 14, 2004. The United States District Court for the Northern District of Texas, however, assumed that it began on March 22, 2005.

6