# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2011

No. 09-51080

Lyle W. Cayce
Clerk

BARRY MICHAEL WION,

Petitioner–Appellant,

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CV-144

Before DAVIS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Barry Michael Wion filed a federal petition for habeas corpus challenging the procedures under which he was denied parole. The district court dismissed the petition as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Wion appeals, arguing that his state habeas petitions were "properly filed" and thus tolled the statute of limitations, rendering his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51080

federal petition timely. We vacate the judgment of the district court and remand for further consideration consistent with this opinion.

**I**

Wion was convicted in Texas state court on three counts of aggravated sexual assault of a child. He was sentenced to terms of imprisonment of ninety-nine years for each offense. Based on procedures and policies enacted after his conviction, Wion was denied parole by the Texas Board of Pardons and Paroles in August 2004. Wion filed a federal habeas petition alleging that application of the amended parole procedures violated the Ex Post Facto Clause, Article I, Section 10 of the United States Constitution. The district court granted relief, and the state appealed. This court reversed in *Wion v. Quarterman* (*Wion I*), concluding that Wion's petition was time-barred.[1]

While the state's appeal in *Wion I* was pending, Wion was again denied parole on August 21, 2007. He received notice of that denial on September 11, 2007. He filed state habeas applications challenging the parole decision on July 18, 2008, and on August 22, 2008. The state trial court denied the claims on the merits. The Texas Court of Criminal Appeals (TCCA) then dismissed his applications to that court without written order on September 10, 2008, and October 1, 2008.

On October 20, 2008, Wion filed the federal habeas petition at issue in this appeal. He challenged the 2007 denial of parole. The case was referred to a magistrate judge, who determined that Wion had failed to exhaust his claims in state court. The magistrate judge also concluded that Wion's federal petition was untimely. He reasoned that Wion's state applications were not properly filed in state court, and therefore failed to toll AEDPA's one-year statute of limitations, because they were not in compliance with TEX. R. APP. P. 73.1(c).

---

[1] *Wion v. Quarterman* (*Wion I*), 567 F.3d 146, 148-49 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1120 (2010).

No. 09-51080

That rule prohibits the citation of cases and other law in the required habeas application form, instead requiring that such citations be provided in a separate memorandum.

Wion objected to the magistrate judge's report and recommendation, pointing out that the TCCA orders dismissing his habeas applications did not state a reason for their dismissal. Wion argued that his applications were dismissed based on the comity doctrine, or "two forums" rule. Under that rule, the TCCA dismisses "state habeas corpus writ applications when the applicant also has a writ pending in the federal courts that relates to the same conviction or same 'matter'" unless the federal court stays it proceedings concerning the parallel writ.[2]

The district court thereafter adopted the magistrate judge's report and recommendation. The court concluded that Wion's claims were not properly filed, rejecting Wion's comity argument and adopting the magistrate judge's reasoning that the applications were dismissed for failing to comply with TEX. R. APP. P. 73.1. The district court further determined that Wion's submission of non-compliant state habeas applications failed to exhaust state remedies. Dismissing the claims with prejudice, the district court also denied a certificate of appealability (COA) concerning both tolling and exhaustion.

Wion sought a COA from this court on both issues. We determined that, because the TCCA "dismissed Wion's postconviction applications without written order [and] without any explanation of the bases for the dismissal," it was "debatable whether the applications were 'properly filed' so as to toll the limitation[s] period."[3] Accordingly, we issued a COA to address "whether Wion's

---

[2] *Ex parte Soffar*, 143 S.W.3d 804, 805 (Tex. Crim. App. 2004).

[3] *Wion v. Thaler*, No. 09-51080 (5th Cir. May 24, 2010) (order granting COA).

3

No. 09-51080

state applications were properly filed and, thus, tolled the limitation[s] period, rendering his petition timely filed."[4]  Wion now brings this appeal.

## II

We review de novo the district court's denial of a habeas application on procedural grounds.[5]  Wion's petition is governed by AEDPA, which provides a one-year statute of limitations for the filing of a federal habeas petition by a person in custody pursuant to the judgment of a state court.[6]  AEDPA specifies that the limitations period runs from the latest of four events.[7]  Here, we assume, without deciding, that the limitations period began to run, at the latest, on September 11, 2007, when Wion discovered that he was denied parole.[8]  Wion thus had until September 11, 2008, to file his federal petition and, absent any tolling, his October 20, 2008 filing was untimely.  Pursuant to 28 U.S.C. § 2244(d)(2), however, the one-year time period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[9]  The question presented in this case is whether Wion's state applications were "properly filed" under Texas law.

In *Artuz v. Bennett*, the Supreme Court held that a state habeas "application is 'properly filed' when its delivery and acceptance are in compliance

---

[4] *Id.*

[5] *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).

[6] 28 U.S.C. § 2244(d)(1).

[7] *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

[8] *See* 28 U.S.C. § 2244(d)(1)(D) (providing that AEDPA's limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *see also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (applying § 2244(d)(1)(D) to a claim predicated on a parole decision).

[9] 28 U.S.C. § 2244(d)(2).

4

with the applicable laws and rules governing filings."[10]  In so holding, the Court rejected the state's argument that a habeas application is not "'properly filed' for purposes of § 2244(d)(2) unless it complies with all mandatory state-law procedural requirements that would bar review of the merits of the application."[11]  The Court distinguished between "condition[s] to filing" and "condition[s] to obtaining relief."[12]  Conditions to filing include laws and rules prescribing, "for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[13]  Conditions to filing can also include rules imposing preconditions on all filers, such as a requirement "conditioning the taking of an appeal on the issuance of a 'certificate of appealability.'"[14] Conditions to obtaining relief, in contrast, are rules that prescribe a "rule of decision for a court," such as a statute specifying that a court must deny certain claims that could have been raised on direct appeal.[15]

In *Larry v. Dretke*, we held that "an application is *not* 'properly filed' if the state court blindly applies the procedural bar in all cases without ever having to consider any potential exception to its prohibition or examine any issues related to the substance of the application."[16]  "We defer to state courts' application of state law" when determining whether a state habeas application is "properly

---

[10] 531 U.S. 4, 8 (2000) (emphasis added).

[11] *Id.*

[12] *Id.* at 11.

[13] *Id.* at 8 (internal footnote omitted).

[14] *Id.*

[15] *Id.* at 10.

[16] 361 F.3d 890, 893-94 (5th Cir. 2004).

No. 09-51080

filed."[17]  Here, the TCCA's unexplained orders do not demonstrate how that court applied state law.  Nevertheless, the parties agree that Wion's state habeas applications were dismissed on comity grounds.[18]

The TCCA has long "dismissed state habeas corpus writ applications when the applicant also has a writ pending in the federal courts that relates to the same conviction or same 'matter.'"[19]  The TCCA recently modified this "two-forums rule" to "permit consideration of a subsequent state writ . . . if the federal court with jurisdiction over a parallel writ enters an order staying its proceedings to allow the habeas applicant to pursue his unexhausted claims in Texas state court."[20]  This rule is based on "important considerations of comity, avoidance of piecemeal litigation or inconsistent results, and judicial economy."[21]  The TCCA has indicated, moreover, that it will apply the rule when a petitioner has "similar claims under consideration in the United States Court of Appeals

---

[17] *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009) (citing *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (internal brackets and quotation marks omitted)).

[18] *See* Resp't Br. at 7 (admitting that "Wion is correct in his argument" that his state habeas applications were dismissed on comity grounds).

[19] *Ex parte Soffar*, 143 S.W.3d 804, 805 (Tex. Crim. App. 2004) (citing *Ex parte Powers*, 487 S.W.2d 101 (Tex. Crim. App. 1972)).

[20] *Id.* at 804; *see also In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) ("Until recently, a unique rule in the Texas courts prevented habeas petitioners from maintaining both state and federal applications at the same time.  Often referred to as the 'two-forum rule,' it forced a petitioner to decide which forum he would proceed in, because the state courts would not consider a petitioner's application so long as the federal courts retained jurisdiction over the same matter." (internal brackets, quotation marks, and citation omitted)).

[21] *Ex parte Soffar*, 143 S.W.3d at 805.

No. 09-51080

for the Fifth Circuit."[22]   Specifically, the TCCA has stated that it "will abstain from considering issues when they are validly before another court."[23]

Wion I was pending in this court when the TCCA dismissed the claims at issue in this appeal without written order.[24]   Thus, it appears that the parties are correct that the TCCA dismissed Wion's applications on comity grounds. Had our court resolved Wion I before the TCCA addressed Wion's subsequent state applications, the TCCA would not have dismissed those applications on comity grounds.  The TCCA has explained that its abstention doctrine is not based on any procedural deficiency in the state filing, but rather, is "a judicially created policy based on comity which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'"[25]   Indeed, the TCCA applies its abstention policy and refrains from considering the merits of a habeas application only when that application is "not otherwise barred by article 11.071, § 5."[26]   The TCCA's dismissal based on its comity policy did not render Wion's application not "properly filed" under 28 U.S.C. § 2244(d)(2).

---

[22] Ex parte Chambers, No. WR-7929-04, 2007 WL 1615634, at *1 (Tex. Crim. App. June 6, 2007) (unpublished).

[23] Id.

[24] Our opinion in Wion I did not issue until April 28, 2009.  Wion v. Quarterman, 567 F.3d 146 (5th Cir. 2009).  The TCCA dismissed Wion's claims without written order on September 10, 2008, and October 1, 2008.

[25] Ex parte Soffar, 143 S.W.3d 804, 805-06 (Tex. Crim. App. 2004) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

[26] Id. at 807; see also Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004) (stating that "in Villegas we held that a habeas application was 'properly filed' if it conformed with those 'prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review'" (quoting Villegas v. Johnson, 184 F.3d 467, 470 n.2 (5th Cir. 1999))).

7

No. 09-51080

The respondent, the Director of the Texas Department of Criminal Justice, advances an alternative argument. He argues that this court should determine that the TCCA dismissed Wion's application because it failed to comply with TEX. R. APP. P. 73.1, and was therefore not "properly filed." There is no basis in the record to conclude that the TCCA dismissed Wion's applications for non-compliance with Rule 73.1. To the contrary, the TCCA reports its orders in multiple habeas cases in hand-down lists grouping dismissals by their various rationales. One of the categories in the lists denying Wion's applications is "dismissed for non-compliance without written order; non-compliant with T.R.A.P. 73.1."[27] The dismissals of Wion's applications were not listed in that grouping.[28] We therefore decline to accept the respondent's argument concerning Rule 73.1.

The parties agree that the TCCA dismissed Wion's applications on comity grounds. Because Texas's two-forums rule is not a condition to filing, Wion's applications were "properly filed" and the statute of limitations was tolled. The district court therefore erred in dismissing Wion's federal habeas petition as time-barred.

The district court concluded that Wion failed to exhaust his claims in state court since the TCCA did not reach the merits of his state habeas applications. The district court denied a stay of the federal habeas application to permit Wion to seek review of the unexhausted claims in state court. We express no views at

---

[27] Wion Br. at A-12; *see also* Texas Court of Criminal Appeals Order List (September 10, 2008) (dismissing twenty-three applications for non-compliance with Rule 73.1), *available at* http://www.cca.courts.state.tx.us/opinions/handdown.asp?FullDate=20080910; Texas Court of Criminal Appeals Order List (October 1, 2008) (dismissing four applications for non-compliance with Rule 73.1), *available at* http://www.cca.courts.state.tx.us/opinions/handdown.asp?FullDate=20081001.

[28] *See id.*

8

No. 09-51080

this time on the failure to grant a stay.  The district court may reconsider that issue in light of our holdings today.

*          *          *

We VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.

9