# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 22, 2012

No. 11-30491

Lyle W. Cayce
Clerk

ENSCO OFFSHORE COMPANY; ATP OIL & GAS CORPORATION,

Plaintiffs-Appellees

v.

KENNETH LEE SALAZAR; ET AL,

Defendants

SIERRA CLUB; FLORIDA WILDLIFE FEDERATION; CENTER FOR
BIOLOGICAL DIVERSITY,

Intervenor Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1941

Before REAVLEY, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The intervenor-defendants in this case appeal following the district court's grant of injunctive and declaratory relief to the plaintiffs ordering the Government to act upon specific drilling permit applications within thirty days.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30491

After a settlement agreement between the plaintiffs and the Government, however, the district court vacated the injunction and incorporated the settlement agreement into the final judgment. The intervenors now argue that the case has become moot because of the settlement agreement, and they move for vacatur of the district court judgment pursuant to *Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999). Because we conclude that there is no live case or controversy before us, we DISMISS the appeal.

This case began following the disaster on the *Deepwater Horizon* drilling rig in the Gulf of Mexico. The plaintiffs sued under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701–06, and the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331 *et seq.*, to challenge two moratoria instituted by the Government on deepwater drilling in the wake of the disaster. The district court allowed several environmental organizations to intervene as defendants aligned with the Government. After the moratoria were lifted, the plaintiffs amended their complaint to challenge the Government's failure to act on nine specific drilling permit applications.

On cross-motions for summary judgment, the district court held that the APA and OCSLA imposed on the Government a non-discretionary duty to act on the permit applications within a reasonable time. The court declared that the Government's delay in acting on the permit applications, including three applications that had been granted by the time of summary judgment, had been unlawful. The district court also enjoined the Government to act on the six remaining applications within thirty days.

The district court's judgment, which was interlocutory in nature, was certified as final pursuant to FED. R. CIV. P. 54(b). The district court then stayed the injunction, however, upon motion by the plaintiffs and the Government due to settlement negotiations. The intervenors filed a notice of appeal. Subsequently, the Government and the plaintiffs reached a settlement

No. 11-30491

agreement and consent decree providing *inter alia* that the Government would act on the remaining permit applications within thirty days. The Government and the plaintiffs jointly moved the district court to vacate its prior injunction but not the declaratory relief. The district court granted the motion and entered an amended final judgment.

The intervenors argue that the case has become moot by virtue of the settlement agreement, and that because the intervenors played no part in mooting the case, we must vacate the district court's judgment. *See, generally, Goldin*, 166 F.3d at 718. The plaintiffs argue that the intervenors lack standing to appeal, however, because they are not harmed by the district court's judgment and have suffered no injury.[1] We agree with the plaintiffs.

Our jurisdiction under Article III of the Constitution is limited to "cases" and "controversies." U.S. CONST. Art. III, § 2, cl. 1; *see City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 1665 (1983). To invoke this jurisdiction, an intervenor seeking to appeal is required to show that it has constitutional standing. *United States v. Texas*, 158 F.3d 299, 303 (5th Cir. 1998). An intervenor must show (1) an injury in fact, (2) that is traceable to the challenged action, and (3) that is redressable by a favorable decision. *Id.*; *see also Sierra Club v. Babbitt*, 995 F.2d 571, 574 (5th Cir. 1993) ("A case or controversy does not exist unless the person who asks the court for a decision has 'standing' to do so, the elements of which are injury, causation, and redressability.").

"Where standing to appeal is at issue, appellants must demonstrate some injury *from the judgment below*." *Sierra Club*, 995 F.2d at 575 (emphasis in original). Indeed, the requirement of a clear injury is fundamental for an appellant to prosecute an appeal. *See Save Our Community v. U.S. Envtl. Prot.*

---

[1] The Government is not participating in this appeal.

No. 11-30491

*Agency*, 971 F.2d 1155, 1160 n.9 (5th Cir. 1992) ("In order to have standing to appeal, a party must be aggrieved by the judicial action from which it appeals."); *Machella v. Cardenas*, 659 F.2d 650, 652 (5th Cir. 1981) ("Only the party aggrieved by a district court ruling has standing to appeal."). The intervenors here base their claim of aggrievement on a purported requirement from the judgment that the Government act upon new drilling permit applications within thirty days, which they contend hampers the Secretary of the Interior's ability to protect the environment and thus causes them harm. This argument is unavailing.

The injunctive portion of the district court's judgment has already been vacated. The settlement agreement entered by the plaintiffs and the Government calls for action within thirty days only on six specific unapproved permit applications at issue in this litigation. The district court's final judgment expressly incorporated by reference the settlement agreement, which provides that the thirty-day time frame applies "only to the six unapproved Permit Applications at issue *in this litigation* and *not to any other permit applications.*" (Emphasis added). Thus, nothing in the judgment as amended requires the Government to act on all permit applications within thirty days, and indeed the Government disclaimed any such requirement in the settlement agreement. The intervenors do not argue that review of the six referenced permit applications have caused or will cause harm to their members.

Moreover, to the extent that the amended judgment provides declaratory relief, the intervenors do not argue that the declaration has caused them harm. As presently constituted, the amended judgment does not prevent the Government or the intervenors from arguing that a thirty-day time frame would be unreasonable in a future case, nor does it bar the intervenors in future litigation from arguing that the Government's review process interferes with their members' environmental interests. The intervenors here, like the

No. 11-30491

intervenors in our *Sierra Club* decision, fail to show a live case or controversy, and the appeal must be dismissed. *See Sierra Club*, 995 F.2d at 575 (dismissing appeal by intervenor-appellants where district court's judgment ordered nothing of the appellants and would not affect appellants in future litigation).

Motion for vacatur denied.  Motion to dismiss granted.  DISMISSED.