# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2012

Lyle W. Cayce
Clerk

No. 11-50343
Summary Calendar

BARRY WION; CLIFTON BATTLES; LAWRENCE SHIRLEY,

Plaintiffs-Appellants

v.

STUART JENKINS; RISSIE OWENS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-84

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Barry Wion, Texas prisoner # 393726, Clifton Battles, Texas prisoner # 639598, and Lawrence Shirley, Texas prisoner # 712351 (appellants) appeal the district court's judgment granting the appellees' motion for summary judgment. The district court dismissed the appellants' 42 U.S.C. § 1983 complaint and denied the appellants' cross motion for summary judgment based on an alleged violation of the Ex Post Facto Clause. The appellants have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abandoned their claim based on a double jeopardy violation. *See Yohey v. Collins*, 985 F.2d 222, 224-25.

The district court did not abuse its discretion in not affording the appellants the opportunity to conduct discovery prior to granting summary judgment; the appellants did not seek discovery prior to or after filing their motion for summary judgment, and their motion was supported by voluminous records as well as the attachments to their complaint. *See Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 876 (5th Cir. 2000). Although the appellants are correct that the appellees failed to file a timely response to their motion for summary judgment, the district court subsequently granted a motion for an extension of time, which it was authorized to do based on the appellees' ability to show excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B); *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The appellants' contention that the district court abused its discretion in denying their motion to strike the appellees' exhibits is without merit because the documents were relevant to the issues presented by the summary judgment motions. The appellants cannot challenge the district court's denial of their motion to add Vincent Bates as a party plaintiff since he was not a party to the appeal. *See Machella v. Cardenas*, 659 F.2d 650, 652 (5th Cir. 1981).

The appellants' contention that the Texas Criminal Justice Policy Council (TCJPC) reports created a genuine dispute of material fact regarding the retroactive application of parole statutes or policies precluding the appellees' motion for summary judgment is not supported by a review of the reports or the affidavit of Carl Reynolds, a long-term counselor and executive with the Texas prison system, who was familiar with the history of the reports. Reynolds's statements that the reports did not establish that new parole laws were retroactively applied to affect the parole eligibility of offenders was not rebutted by any evidence provided by the appellants. Rather, the hearing testimony of Troy Fox presented by the appellants supported the statements in Reynolds's

affidavit and showed that sex offenders under prior law had a difficult time obtaining parole release. The findings in the TCJPC reports did not entitle the appellants to a summary judgment in their favor.

Nor have appellants shown that they were entitled to relief based on the doctrines of issue preclusion, collateral estoppel, or judicial estoppel as a result of the district court's ruling in *Wion v. Dretke*, No. MO-05-CV-146 (W.D. Tex. Feb. 23, 2007). Although, in *Wion,* the district court found that a retroactive application of a parole statute violated the Ex Post Facto Clause, this court reversed that judgment and ordered that judgment be rendered in favor of the State. *See Wion v. Quarterman,* 567 F.3d 146, 148-49 (5th Cir. 2009). There was no final decision on the ex post facto issue and, thus, the decision had no preclusive effect. *See Ashe v. Swenson*, 397 U.S. 436, 443 (1970); *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001); *Ahrens v. Perot Systems Corp.,* 205 F.3d 831, 833 (5th Cir. 2000).

Also without merit is the appellants' argument that the district court erred in relying on *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008) to deny relief. *Wilkinson v. Dotson*, 544 U.S. 74, 82-84 (2005) determined that a prisoner was not limited to challenging parole procedures in a federal habeas petition and may challenge the constitutionality of state parole procedures in a § 1983 action. *Wilkinson*, thus, was not contrary to *Wallace*. Nor was *Wallace* contrary to the decisions in *California Department of Corrections v. Morales*, 514 U.S. 499, 505-09 (1995) or *Garner v. Jones,* 529 U.S. 244 (2000). *Wallace* employed the analysis used in those decisions in determining that an amendment to Texas parole laws, changing the number of members on a parole panel and requiring a two-thirds vote in favor of release created only a most speculative and attenuated risk of increasing an offender's term of incarceration and that as applied, the amendments did not create a significant risk of increasing the offender's punishment. *Wallace*, 516 F.3d at 356 nn.30-34.

Lastly, appellants complain that the district court erred in failing to conduct the significant risk analysis discussed in *Garner*. As previously explained, we have rejected their argument that the district court was bound by the district court's analysis in Wion's habeas case. *Ashe,* 397 U.S. at 443.

The magistrate judge considered whether the appellants had shown a change in law creating a significant risk of increased punishment, the test employed in *Garner*. However, based on the appellants' reliance on the cumulative effect of the parole changes and their failure to allege that any specific law or rule was retroactively applied to create a significant risk of their longer incarceration, the court lacked any basis for conducting the analysis.

In subsequent pleadings, the appellants made brief references to Texas Government Code § 508.046, which changed the number of members required to sit on a parole board, and Texas Government Code § 508.141(g), which allowed the Board to change the intervals between parole reconsideration from one year to set-offs of between one and five years. The appellants made no argument in their brief about the effect of the application of § 508.046 on their parole review. Thus, that claim was abandoned. *See Yohey*, 985 F.2d at 224-25.

With respect to § 508.141(g), the appellants argued that, since that amendment was passed, the time between their reconsideration for parole has exceeded one year. This amendment did not modify the statutory punishment and did not affect the initial date of the appellants' parole eligibility. An earlier reconsideration can be conducted based on changed circumstances. *See* 37 Tex. Admin. Code Ann. 145.11. *Garner* held that the "sum of these factors" showed that less frequent parole suitability hearings "create[d] only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." 529 U.S. at 250. The appellants have not stated what particular sets offs were applied in their cases. Nor have they identified evidence to rebut the summary judgment evidence, particularly the testimony of Mr. Fox, that due to the seriousness of their offenses, it is

unlikely that the limited change in review periods would result in a longer period of incarceration than they would have received under the earlier one-year set-off rule. The appellants have not shown that the district court erred in denying their claim of an Ex Post Facto violation based on changes in the parole laws. The district court's order granting summary judgment, dismissing the complaint, and denying the plaintiffs' motion for summary judgment is AFFIRMED.

Their motions to strike and traverse the appellees' letter brief and the second motion to strike the out-of-time brief are also DENIED.