# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Lyle W. Cayce
Clerk

PAUL DWAYNE HUMPHREY,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-2918

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Paul Dwayne Humphrey, Texas prisoner # 364000, filed a 28 U.S.C. § 2254 petition challenging the validity of a December 2011 decision by the Texas Board of Pardons and Paroles to revoke his parole. The respondent moved to dismiss Humphrey's petition as moot and provided the district court with documents showing that Humphrey had been released to mandatory

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20280

supervision on January 29, 2013.  Less than a month after Humphrey had been released from prison, the district court sua sponte dismissed his § 2254 petition for want of prosecution because Humphrey had failed to keep the court apprised of his change of address.  After the district court denied two postjudgment motions filed by Humphrey, he filed a notice of appeal that was timely with respect to the underlying order of dismissal.  We granted Humphrey a COA on the issues whether (1) the district court's dismissal without prejudice was effectively a dismissal with prejudice in light of 28 U.S.C. § 2244(d)'s one-year filing period, and (2) the district court abused its discretion in dismissing Humphrey's § 2254 petition for want of prosecution.[1]

A district court's sua sponte dismissal of a civil action is reviewed for an abuse of discretion.  *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *McNeal v. Papasan*, 842 F.2d 787, 789-90 (5th Cir. 1988).  The district court in this case dismissed Humphrey's petition without prejudice.  However, Humphrey's claims challenging his December 2011 parole revocation would now be time barred under § 2244(d)(1).  Accordingly, the dismissal of Humphrey's petition was effectively with prejudice.  *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010); *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).

A dismissal with prejudice under Rule 41(b) "is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, . . ., and when lesser sanctions would not serve the best interests of justice." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (internal quotation marks and citation omitted).  In this case, the district court entered the order dismissing Humphrey's § 2254 petition for want of prosecution within three weeks of

---

[1] We also granted a COA on the issue whether the district court abused its discretion in denying Humphrey's postjudgment motions.  Our decision on the first two COA issues makes it unnecessary for us to reach the third issue.

No. 13-20280

Humphrey having been released from prison.  The passage of less than three weeks without notification of an address change was insufficient, by itself, to justify a dismissal with prejudice.  *See McNeal*, 842 F.2d at 791.  Additionally, nothing in the record on appeal indicates that Humphrey's failure to notify the court in a more timely fashion that he had been released from prison was due to anything other than negligence.  *See Lozano v Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012).

In light of the foregoing, we conclude that the district court abused its discretion in sua sponte dismissing Humphrey's § 2254 petition for want of prosecution.  We therefore VACATE the order of dismissal and REMAND this case for further proceedings.  *See Lozano*, 693 F.3d at 491; *McNeal*, 842 F.2d at 794.  We express no view on the merits of any issue.