Writ No. 10-09383-C
30,830-14

EX PARTE William EARL DURHAM          §          TEXAS COURT OF CRIMINAL

                                      §          APPEALS AT

        Applicant, Pro Se            §          AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 17 2015

Abel Acosta, Clerk

APPLICANT'S OBJECTIONS TO TRIAL COURTS FINDINGS

IN HIS HABEAS CORPUS 11.07

AND REQUEST TO REMAND FOR EVIDENTIARY HEARING

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, William Durham Applicant Pro Se in the above entitled and numbered

Cause and respectfully presents this his objections to the trial courts findings

and request to remand for evidentiary hearing and in support thereof will respectfully

show the following.

I.

The basic premise of Durham's Application (Habeas Corpus) is that TDCJ-ID removed

his Discretionary Mandatory Supervision Date, not because of any current Aggravating

elements, but based upon a 1992 Burglary of a Habitation, (Penal Code 30.02) whereat

there was no findings of Subsection (d)(2) Weapons or Explosives, or (d)(3) No injury

to anyone before, during or after the Burglary, and with such the removal of Applicants

Mandatory Supervision Date is legally unwarranted based upon those provisions and

pursuant to House Bill 1433, codified as Texas Gov't Code 508.149.

Applicant proffers that this Honorable Court has already decidied the exact same

fundamental issues in  Ex Parte Mabry, Ex Parte Thompson, and Ex Parte Keller 1

All of which included the same arguement as Applicant herein, and that is

in short Mandatory Supervision for offense committed before the enactement of House Bill 1433.Tex Gov't Code 508.149.

Moreover, Durham tenders that his original Convicting Court (232nd District, Harris County) Cause No 682249. already issued thier response indicating the status of the offense is one that is eligible for mandatory supervision and for the 252nd District court or TDCJ-ID to come back year later and force this applicant to re-address the issue is a waste of this courts time. see 682249-E Ex Parte Durham.

Thompson, Keller and Mabry all faced the same condition(s) as Durham in that the TDCJ agency attempted to deprive them of some right based upon newly enacted statutes that did not apply, herein Durham argues that his 1992 Burglary had no victims or weapons and that he was eligible for Mandatory Supervision under the old law and that a first degree Burglary from 1992 with no weapons or explosives (d)(2) or Injury to anyone (d)(3) is not one found on the Texas Gov't Code 508.149 list.
And this is an issue or subject best determined in an evidentiary hearing.

## II.

Applicant further argues that the Honorable Judge has misapplied or misunderstood Tex. Code of Crim. Proc. 11.07 §4(a) - (c). More specifically, Applicant does agre that he did file his first Application (CCA Case No. WR-30-830-10), but argues that this was a writ based upon his Appeal Lawyer not informing him of his appeal being affirmed, and the CCA held previously in McPherson [2] ;

> "[I]nitial habeas corpus application seeking an out-of-time appeal was not a 'Challenge to the coniction' and therefore, did not bar a subsequint application claiming Ineffective Assistance of Counsel. The initial application did not directly seek to overturn the conviction..."

With this stated. Applicant argues that the Judge was incorrect in trying to use this first habeas corpus to establish an Abuse of writ claim against Applicant and denying him relief on this instant application, based upon such Applicant objects to this finding based on those ruling of CCA in McPherson. id.

### III.

Applicant agrees with the Judges finding in Applicants second writ, as this was the only application this Applicant has filed with respect to his final judgment and conviction, this challenge is currently pending in the United States Federal Court.

Herein, the Judge proffers that Applicant should have listed his current claims in his last application and not waited until now to file what she considers a subsequint writ, and relies soley upon Ex Parte Whiteside [3] and Tex Code Crim Proc. 11.07 §4 (a)-(c).

Applicant respectfully avers that two things prevented Applicant from listing his current claim in the previous application  1) Applicants tolling period under the Affective Death Penalty - Anti Terrorist Act (AEDPA) on his conviction was coming to an end in short order, and during the same period, applicant was trying to satisfy his other legal obligation under Texas Gov't Code 501.0081 (Time Credit Dispute Resolution) whereat, the TDCJ-ID Classifications and Records Department has  180 Days to answer any time credit disputes with offenders, with such Applicant was faced with losing his ability to proceed into Federal Courts under a 28 U.S.C. 2254 by defaulting under the "AEDPA" or file and contue to wait on the state agency (TDCJ-ID) to respond to the Time Credit Resolution Issue, Mandatory Superivsion.

2) Applicant filed his 11.07 and was unable to present the claims involving

the Mandatory Supervision issues because the subject had not ripened, i.e. had this applicant filed without first getting his Time Credit Resolution Issue decided by TDCJ-ID the court would have dismissed the issue as failure to exhaust Administrative Remedies, but on the other hand if I file my State writ after the one year deadlineunder AEDPA I lose my right to redress my claims in fedweral court.

The Fifth Circuit stated;

> "[P]RISONER IS ENTITLED TO RAISE Parole /Mandatory Supervision
> Claims in State Habeas Application, where he had filed his
> "Time Credit Resolution Form"and he did not get a response
> until after 180 days. <u>Walters v. Quarterman</u> [4]

Applicant proffers that he has diligently pursued every available avenue afforded to him by and through TDCJ-ID to resolve this issue without haveing to redress the Criminal Court System and has had no positive result with such.

## IV.

Applicant tenders that this is not an attack on his final conviction and that he was not able to present the current claims on his previous application because the TDCJ-ID Agency had not completed its investigation and Applicants Administrative remedy had not been resolved.

Further, Applicants time period under AEDPA was ending and Applicant in good conscience could not allow the period to expire, while knowing he had an additional right to a subsequint Habeas Application under the provisions of 11.07 §4(a)-(c).

In close, Applicant objects to the District Judges findings herein stating he had not violated any Abuse of writ provisions and was unable to present this new claim when the issue had not ripened and is not a challenge to his Judgment or conviction. with such, Applicant prays this Honorable Court remand the Application for Habeas Corpus for an evidentiary hearing, so prayed,

Respectfully Submitted    _William Durham_

William Durham

CASES

1. Ex Parte Thompson 173 S.W.3d 458, 460-461, (Tex. Crim. App.2005)
   Ex Parte Mabry 137 S.W.3d 58, 59-60 (Tex. Crim. App. 2005)
   Ex Parte Keller 173 S.W.3d 492 (2005)
   Ex Parte Hall 995 S.W.2d 151, 152 (Tex. Crim. App. 1999)


2. Ex Parte McPherson 32 S.W.3d 860 (Tex. Crim. App 2000)


3. Ex Parte Whiteside 12 S.W.3d 819 (Tex. Crim. App. 2000)


4. Walter v. Quarterman C.A. 5 (Tex) 2007, 258 Fed. Appx. 697, 2007
   WL 4372930;    (Quote Stone v. Thaler C.A.5 (Tex) 2010, 614 F.3d 136.

## DECLARATION

Applicant states under the penalty of perjury that he has read and understands everything in this Application to the Court of Criminal Appeals. and says that all it contains is true and correct to the best of his knowledge.

William Durham Applicant Pro Se

## Verfification

Applicant verifies that he has placed a true and correct copy of this Applicants objections and remand for Evidentiary hearing in the U.S. Mail Box on the Ramsey One Unit at 100 FM 655, Rosharon, Texas 77583 to the Criminal District Attorney, at the Jefferson County Courthouse at 1085 Pearl Street, 3rd floor
Beaumont, Texas 77701. on July 14, 2015

William Durham Applicant Pro Se

William E. Durham  1740286
Ramsey One Unit
1100 FM 655
Rosharon, Texas 77583

Texas Court of Criminal Appeals                    July 14, 2015

Clerk of the Court Blake A. Hawthorne

P.O. Box 12308

Austin, Texas 78711              Re: Writ No. 10-09383-C
                                 CCA No. WR-30830

Dear Mr. Hawthorne,

   Greetings sir, I hope my letter finds you in good health.

   Enclosed, please find my Objections to the Trial COurts findings
and request to remand for evidentiary hearing.

   I respectfully request that you bring this to the attention
of the CCA at your earliest time possible.

   I would like to thank you in advance for yuor time and look
forward tohearing from you soon.


                              Respectfully _____
                                           WIlliam Durham


   cc/file